Judge Marshall
delivered the Opinion of the Court.
On the trial of this ejectment, which was brought on the demise of Polly Adams, the title of the lessor was deduced through a sheriff’s sale and deed, made under a judgment and execution in favor of George Adams, against Keisers and others, for two thousand five hundred and eighty six dollars and sixty nine cents damages, and $18 311 costs. The sheriff returned, in substance, that he had levied upon a lot of about four acres of land, at the junction of Hill and Main-cross streets, in the city of Lexington; which, after due advertisement &c., he had sold to the plaintiff in the execution (as the highest bidder,) at the price of two thousand six hundred and sixty seven dollars and seventeen cents, which was ordered as a credit on the execution in full.
The recitals of the deed correspond with the foregoing statement of the execution and return. And, on motion of the defendant, the Court, after inspecting the original execution and return, and causing the sheriff’s commissions to be calculated, whereby it appeared that the price for which the lot was sold, exceeded the true amount due on the execution, by the sum of six and a half cents, instructed the jury that, for this excess, the sale and deed were void, and passed no title, and that they should find for the defendant. A verdict was accordingly found for the-defendant, and a judgment rendered thereon: for the reversal of which, the plaintiff has appealed to this Court — presenting, as the only point for our consideration, the question whether the Circuit Court erred in the instruction above stated.
The statutes subjecting lands to sale under execution ^or ^le satisfaction of debts, do not authorize the sheriff to sell more land than is sufficient to satisfy the exe- *209 cation. This limitation upon the authority of the officer, plainly deducible from the objects and intention of the statutes conferring the authority, has been declared and enforced in numerous cases by this Court. Patterson vs. Carneal's Heirs, 3 A. K. Marshall, 618; Knight vs. Applegate’s Heirs, 3 Mon. 338; Pepper vs. The Commonwealth by Thornton, 6 Mon. 30; Davidson vs. McMurtry &c., 2 J. J. Marshall, 68; Carlisle vs. Carlisle, 7 J. J. Marshall, 624; Stover vs. Boswell, 3 Dana, 235; Addison vs. Crow &c., 5 Dana, 277.
A sheriff, having levied a large execution on a valuable town lot, sold the whole of it, for what he supposed to be the precise amount of the execution ; but it was afterwards discovered that, in consequence of a trifling error in calculating what the ex’on amounted to, the lot had been sold for six and a half cents more than enough to satisfy it. There was no evidence or reasonable pre sumption, that any part of the lot would have produced a sufficient sum,or that any more than the true amount of the execution would have been bidfortbewhole; or that the lot could have been so divided as to have left to the debtor a piece of any value: held, that the circumstances of this sale do not show that the sheriff did in fact exceed his authority; that the sale should not ho deemed void for so minute an error — injurious to no party, and is good and valid, so that the title passed by the sheriff’s deed.
In each of the foregoing cases, a sale by the sheriff, of more land than was sufficient for the satisfaction of the judgment and execution, is declared to be an excess of the authority conferred upon him by law; and, in the absence of other sufficient authority, the entire sale was pronounced to be void, because it could not be so split up as to be good for a part and void for the residue* (Patterson vs. Carneal's Heirs &c. Pepper vs. The Commonwealth, supra.) The question now is, whether, under the authority of these cases, or of the general principle which limits the power of the sheriff to the purpose for which it was conferred, the sale under the execution of Adams, was properly declared void by the Circuit Court.
In the examination of all the cases upon this subject, it is to be observed, that not one of them attempts to lay down any general rule for the ascertainment of the fact, that more land has been sold than was necessary for the satisfaction of the execution, and that the facts of each case left no room for doubt that, in that particular case, not only more had been sold than was necessary, but that the excess sold, above the quantity which might have satisfied the debt, was something substantial. In the first case, (3 A. K. Marshall, 618,) the execution was for seventy four dollars and twenty three and a half cents, and the sheriff sold four thousand acres of land, for three hundred and seventy dollars; and in every case it appeared — first, that the excess in the amount of money made by the sale, above the amount *210 required and authorized by the execution, was in itself of substantial value, regarded as so much money, and, second, that, estimating the value of the land, either by the sum for which it was sold, or by other evidence, the excess in the amount of money made represented a portion of the land of substantial value, either for use or for sale; and, third, these circumstances or others in the case demonstrated, that the proper amount of money might have been made by a sale of less than the whole quantity, and that less than the whole quantity might have been sold, without material practical injury to either party, and with substantial advantage to the •debtor. In the first case already stated, in which the convenient divisibility of the land is entirely apparent, •the Court- say, if the sheriff had pursued the proper mode in offering the land for sale, “ it is not easy to conjecture that he would not have succeeded in selling less of the land for the sum due on the execution.” They also say that, in offering less than the whole tract, both parts of it should be laid off in convenient form. Without stating all the cases, it is sufficient to say that, most of them related to sales of considerable tracts of land in the country, where it was obvious from the .number of acres sold, that, so far as quantity was concerned, a convenient division might be made, in parts proportioned to the true amount of the debt, and the excess, and in other respects, no obstacle to such a division appeared. The two cases of Stover vs. Boswell, 3 Dana 232, and Addison &c. vs. Crow &c., 5 Dana 271, relate to the sale of town lots.
In the first of these cases, (where a house and lot were sold for two hundred and five dollars, under an execution for only one hundred and thirty four dollars and thirty five cents,) it was expressly proved, that the lot was conveniently divisible, and that a part “ which would have commanded the debt, could have been stricken off without injury to the balance;” and on this account, the Court say, “ there was the less excuse for attempting to sell the whole.” In the other case, under an execution for about four hundred and sixty three dollars, two adjoining lots in the town of Hardinsburg *211 were sold together for the sum of one thousand seven hundred dollars: and the Court say, “ More land having been sold than was necessary to satisfy the execution, and no circumstance connected with the condition of the property being shown, which justified the sale of the whole together, the sale was unauthorized” &c. and it was declared to be void.
What then is the present case ? It is evident from the return on the execution, that the sum at which the lot was stricken off to the plaintiff, was the precise sum supposed to be due on the execution, and it may be assumed that the sheriff, intending to do his duty, so announced it at the commencement of the sale. And there being no other evidence or circumstance in the case indicating the value of the’ lot, except the bid of the plaintiff, it cannot be assumed to have been worth more than the amount of his bid. It is, however, easy to conjecture that the plaintiff, in order to close the proceeding, might bid the supposed amount of his execution for the whole lot, although he might not conceive it to be worth so much by a few cents, when he would not have taken any assignable part less than the whole lot for the amount of his execution, if that amount had been ascertained to be a few cents less than he supposed. In other words, he or any one else might have bid the supposed amount of the execution ($2667 17) for the whole lot, although, if the amount had been ascertained to be six and a half cents less than supposed, neither he, nor any one else, would have bid either more than the true amount ($2667 104) for the whole lot, or the true amount itself for less than the whole lot. But so unimportant is the difference between the two sums, that in any private transaction of equal magnitude with this, it would not be regarded. A purchaser estimating the lot at the smaller sum, would probably give the larger, to secure the purchase; and the owner estimating it at the larger sum, would surely refuse the smaller. Neither of them, certainly, would ever think of dividing the four acres into two parts, bearing the same proportion to each other, that the sum of two thousand six hundred and sixty seven dollars and ten and a half cents *212 does to six and a half cents. The smaller of such fractional parts, would be about four square feet of ground, or two feet square — a quantity which, if laid off on one of the sides of a four acre lot of ordinary shape, would be about one sixth of an inch in width; and which, in whatever shape it could be laid off, regarding the convenience of the other portion, would be of less value, either for use or sale, than the six and a half cents by which it is supposed to be represented. It would not compensate for the trouble or expense of marking it off, and when marked off, it would, in point of interest or value, be utterly insignificant.
Does this case, then, come within the predicament of those cases, or any of them, in which this Court has decided that more land had been sold than was sufficient to satisfy the execution, and that the whole sale was therefore void? We are clearly of opinion that it does not. 1. There is no proof, or circumstance, from which we can conclusively determine that the entire lot was worth more than the true amount of the execution. 2. If the, fact that plaintiff, intending to bid the true amount of the execution, bid six and a half cents more, is to be taken as proof that the value of the land sold exceeded the true amount of the execution, it only proves that it exceeded it by the sum of six and a half cents; and if this fact were conceded, it would by no means follow with certainty, that any portion of the lot less than the whole, would have sold for the true sum due on the execution. 3. And, if even this last consequence were conceded, it certainly does not appear, and is not to be inferred, that the true debt could have been produced by the sale of such a portion of the lot as would have left any thing of substantial value to the debtor. No case has established that a mere arithmetical excess of a few cents in the amount produced by the sale, without regard to other circumstances, is to be considered as sufficient evidence that the sheriff has exceeded his authority, by selling more land than was necessary or sufficient. Nor, if such an isolated fact were deemed sufficient evidence that more land had been sold than was necessary, does any decision of this *213 Court, when taken in connection with the case in which it wras given, furnish a precedent for deciding that, for such an excess in the quantity of land sold as can be made out in this case upon the most favorable inferences to the debtor, the whole sale was void.
While, therefore, we concur in the principle that the law gives to the sheriff no authority to sell more land than is sufficient to satisfy the .execution, and while-we are not now disposed, either to question the principle that, for an excess of authority in regard to the quantity of land sold, the entire sale should be declared void; or to deny the correct application of both of these principles in the cases in which they have been heretofore applied by this Court; we also feel at liberty to determine, that there has been no such deviation from the authority conferred, as should render void the entire act of the agent, in a case where the excess in the quantity of land sold, if there be any, is so minute as to render it obvious that it is of no consequence to either party; that it has occasioned no substantial loss or injury to the debt- or, and that he could have had no substantial or practical benefit from a different course on the part of the sheriff, and where it is, moreover, obvious that the excess, if any, was produced by an unimportant mistake of the officer, either in calculating the amount of the execution, or in reading the figures on its face.
The authority to sell land under execution was conferred for highly beneficial purposes; the whole .community is interested, not only in restraining, its exercise within proper bounds, but also in maintaining acts done in substantial conformity with it. To say that an unsubstantial deviation should render a sale void, would be to apply to the exercise of this power, a strictness inconsistent with the general doctrine applicable to powers of a general and beneficial character, and would place the titles acquired under such sales, in a state of insecurity injurious to the debtors themselves, for whose peculiar benefit the restrictions upon the power are designed to operate. It would, in our opinion, be sacrificing the general objects of the statute in conferring the authority, as well as the principles upon which its lim *214 itation and the consequences of an excess are established, to avoid the sale in this case, upon the sole ground that an entire lot of four acres was sold for $2667 17, when, upon an exact calculation of the amount due on the execution, the proceeds of the sale exceeded the debt by six and a half cents. To this excess, in the shape of money, the debtor was entitled, if he chose to receive it; but, in our opinion, the entire lot passed by the sheriff’s sale and deed, and the Circuit Court erred in otherwise instructing the jury.
In selling land under ex’on, the officer has a right to sell enough to cover his commissions, in addition to the sums specified in the execution.
It is contended by the appellee, that the sheriff had no right to sell land for his commissions, and that they vrould swell the excess to a sum worthy of consideration. But the universal practice, under the laws subjecting lands to the satisfaction of judgments, has been to include the legal commissions on the sale, as a part of the, sum to be made out of the land. And this practice, in itself convenient, if not necessary, has not only not been discountenanced by this Court, but is expressly recognized in some of the cases above referred to, (Davidson vs. McMurtry, 2 J. J. M. and Stover vs. Boswell, 3 Dana,) and tacitly sanctioned in all the others. There is no ground to suppose that the Legislature intended to deprive the sheriff of the right of retaining his commissions in the particular case of making the debt by a sale of land, and unless this be supposed, the sum specially adjudged will not be satisfied, until the commissions are paid. We do not feel disposed to unsettle the cotem-poraneous exposition of the statute, and the long continued practice under it.
Having decided the case in favor of the appellant upon the merits, we have deemed it unnecessary to enter into any discussion of the question as to the time within which advantage should be taken of an alleged excess in the sale of land under execution, or of the effect which the lapse of time in this case should have, either as a bar, or as furnishing a presumption that the sale, as made, was authorized at the time, or has been since ratified by the defendants in the execution.
For the error of the Circuit Court, in instructing the *215 jury as above stated, the judgment is reversed, and the cause remanded, with directions'that a new trial be had in conformity'with the principles of this opinion.