The Chief Justice

delivered the Opinion of the Court.
This writ of error is brought to reverse a judgment on a scire facias, issued on a recognizance, acknowledged by Ready, as the owner of a slave named Cato, before two Justices of the peace who had committed Cato to prison, on a charge of having feloniously caused the death of another slave, by striking him with a deadly weapon, with the intention of killing him.
The recognizance was acknowledged some days after the commitment, and was intended for securing the appearance of Cato in the Circuit Court, to answer that said charge of felony. He failed to appear. And three objections are made in this Court, to the judgment which was rendered against Ready, in consequence of the forfeiture adjudged for the non-appearance:—first, that the record does not show that any habeas corpus had ever *39 been issued, and that without such a writ, the Justices had no authority to liberate Cato, and take the recognizance for his appearance. Second, that there was no law authorizing a master to bail his slave when charged with an offence against a statute enacted since that of the year 1800, which authorized masters to bail their slaves in cases in which free men would be bailable. And, third, that the offence charged against Cato—whether it be murder, or only manslaughter—is capital, and that, therefore, the case was not a bailable one; and consequently, the recognizance, being taken without any legal authority, is void as a statutory obligation.
By an act of 1800 (2 Litt. laws, 418) the owner of a slave may bail him, in any case where a white man might be admitted to bail.
The statute (of 1800,) provides for the bailing of ‘any person committed under this act:’ but there is nothing in the act itself by virtue of which any can be imprisoned: held that it should be applied to the case of any prisoner committed under any law of the state.
As, by the constitution ‘all persons shall be bailable, by sufficient securities unless for capital offences, where the proof is evident or the presumption great:’ so, by the act of 1800, sup. any slave is bailable, on his master’s recognizance unless the examining justices are of opinion that there is a strong presumption that he has been guilty of a capital offence.
Voluntary manslaughter by a slave is a capital offence; but bailable, unless the proof is evident, or the presumption strong, of the prisoner’s guilt; of which the mere fact of commitment upon the charge, by examining justices, is no evidence, to prevent his being bailed.
We will briefly consider these several points, in the order in which they have been noticed.
First. By an act of assembly of 1821, (Statute Law, 777,) the examining Justices who committed him, had authority to liberate Cato from jail, and take a recognizance from his master, if the case was one in which a master had a right to bail his slave; and not only had they power to issue a habeas corpus to the jailer, to compel him to bring Cato before them, but it was made their duty, by the same enactment of 1821, to release him on his master’s recognizance. But the only object of issuing a writ of habeas corpus would have been to compel the jailer to carry Cato before the Justices, and consequently, if he chose to do so without either the formality or compulsion of such a process, those Justices had as much authority to take the recognizance, and deliver the slave to his owner, as they would have possessed had they brought the prisoner before them by compulsory process. The proceeding may have been irregular, but it was not illegal or void.
Second. A statute of 1800, (2 Littell’s Laws, 418,) enacted for the avowed and simple purpose of relieving from long protracted confinement, slaves who should be imprisoned for offences which would admit of bail in the cases of freemen, and of securing the masters of such slaves from unnecessary inconvenience and loss—prescribed an expeditious mode of final trial in all cases in which slaves should be imprisoned for public offences; *40 and also provided—“that when any slave or slaves shall “be imprisoned under this act, the owner of such slave or “slaves may bail such slave or slaves, in those cases in “which free persons are bailable agreeable to the rules “established by law, with respect to free persons.”
As the only object of this statute was remedial, and neither any imprisonment was prescribed nor offence defined by it, the words “imprisoned under this act,” could not be understood as refering to imprisonment in consequence of it, or in fact under its authority; but it must be construed as meaning an imprisonment under any law, and for any offence, for which a free man would be entitled to bail, as declared by the act itself. We are, therefore, satisfied that Ready had a right to bail Cato if the offence with which he was charged would have been bailable in the case of a free man.
Third. The sixteenth section of the tenth article of the Constitution of this state provides—“that all prisoners “shall he bailable by sufficient securities, unless for cap"ital offences when the proof is evident or the presump“tion great.”
The offence, as recited in the recognizance, in this case, was either murder or manslaughter; and, by the third section of an act of 1811 (Stat. Law. 1288,) “voluntary manslaughter” by a slave was made punishable, like murder, by death. The offence, whether murder or only manslaughter, was, therefore, “capital.” But, nevertheless, had the prisoner been a free man, the constitution would have entitled him to the privilege of bail, unless the Justices had been of the opinion that the facts proved before them conduced to a strong presumption of his guilt. The fact that the same Justices had, as a court of preliminary examination, decided that there was sufficient ground for committing him for trial by his in the Circuit Court, could not have proved that, even then, and much less on the subsequent application for bail, his guilt was either evident or strongly presumable. And consequently, though the charge was capital, the Justices would have had legal authority, nevertheless, to release him from imprisonment—if, in their judgment, the evidence did not create a strong presumption that he was *41 guilty, as charged. They had the same power in this case. And therefore, the recognizance, as acknowledged before them by Ready, cannot be deemed void for want of jurisdiction.
Wherefore, the judgment sought to be reversed, must be affirmed.