Judge Marshall

delivered the Opinion of the Court.
This action of ejectment was brought on the demise of James N. Morrison, against John Bruce; and a verdict having been found for the defendant, under instructions from the Court, that, upon all the facts, as exhibited by the plaintiff, the law was for the defendant—the plaintiff prosecutes a writ of error to reverse the judgment against him.
The principal question presented in revising this instruction of the Court, is whether an execution sale, and the sheriffs’ deed thereon, through which the plaintiff claims title, should be deemed void because the sum for which the land was sold, exceeded the sum actually due on the execution by a few cents over or under five dollars.
The execution was for thirteen hundred and forty three dollars and sixty five cents, with interest for one year, and one month and seventeen days, and six dollars thirty four cents costs, besides the sheriffs’ commission on the sale. And two hundred and forty five acres, part of a larger tract of four hundred and sixty acres, lying on the Ohio river, were cried off to the bidder who had offered to pay the execution for that quantity of the land, to be laid off at the lower end of the tract. The sale bond executed for the purchase money, and the deed conveying the land to the purchaser, both state the sum for which the land was sold, as being fourteen hundred and eighty five dollars and twenty cents; which, upon accurate calculation, turns out to be about five dollars more than was actually due. It may be presumed that the sheriff proclaimed the larger sum as the amount due on the execution. But it may also be assumed that, that sum was arrived at by an innocent mistake in the calcu *212 lation of the interest and commission: and the question is, whether, for so small a mistake, thus produced, the entire sale shall be declared void.
excess, if it be practicable; as where part of a tract has been sold, to be taken off of one end, and the restoration can be effected by changing the division line. If it is not practicable to restore a piece of some value, the excess of the purchase money should be restored.
The reasons far upholding a sale, in such case, will be strengthened, if there has been a second sale, under an ex’on. against the first purchaser.
According to the principle of the cases in which the effect of a similar excess has been determined, there should be no room to doubt, or in other words, it should be certain, that more land was sold by reason of the excess of the sum demanded as due on the execution, than would have been sold if the true sum only had been demanded. Adams vs Keiser, 7 Dana, 208. And although this may often be sufficiently demonstrated by a comparison of the excess with the entire price bid, and with the entire quantity of land sold; yet it is apparent that the excess may often be so small, as that this comparison will lead to no certain or satisfactory result. Is an excess of one cent in a debt of one thousand dollars, to have the same effect as an excess of one hundred dollars? This would be unreasonable, and was negatived by the case of Adams vs Keiser.
The remedy by sale of lands under judgments and executions, is intended to be a practical one, and is expected to be conducted by ordinary men. To render it beneficial to both parties and safe for the community who are expected to be bidders at such sales, the law certainly intends that some confidence shall be reposed in the officer who is to conduct them; and that when fairly made, without a substantial violation of any of the guards which it has created for the peculiar protection of the debtor, the titles acquired under them shall be stable and secure.
While, therefore, it is still admitted that, a substantial excess in the quantity of land sold beyond what is necessary to satisfy the true amount of the execution, should avoid the sale, we think it essential to the safety of the community, and also to that of the debtors themselves, that before such a consequence is declared in any particular case, it should be clearly made out that, if the land had been put up for the sum really due, a smaller quantity, by some substantial difference, would have been sold than was actually cried off. And whenever this is doubtful, and there is no fraud and no unusual *213 sacrifice, we think the sale should not be deemed void. There must be something allowed for the mistakes and inaccuracies of men. The titles acquired under sheriffs’ sales, would be too insecure, if at any period within which an action might be brought for the land, the title plight be pronounced void, on account of an inaccuracy of an ordinary character, in the sheriff’s calculation, whereby he was induced, in good faith, to require a greater sum than was actually due.
While, therefore, we do not mean to deny that the sale of too much land, even by mistake, may render the sale void; or that there may be such an excess in the sum demanded and produced by the sale, as to show evidently, that too much land has been sold, and to render the sale void as for an excess of authority, though the excess in the sum demanded has resulted from a mistake in calculation; still, we think that where the case is not flagrant, no presumption should be indulged in favor of the avoidance of the sale; but every presumption should be indulged in favor of its validity. And especially when, as in the present case, the land has passed into the hands of a second execution purchaser, apparently for the benefit of the original debtor, and, as there is some ground for presuming, with his knowledge and acquiescence.
The excess of five dollars in the sum produced by the sale, does not, when compared with the true debt and with the whole amount of land sold, prove that competition in bidding was restricted by demanding the larger sum, or that less land would have been sold, had the true debt only been demanded. And we are of opinion that, in a case where the excess is comparatively so small, neither conjecture, nor a mere preponderance of probability, ought to avoid the sale. It seems to us that, in such a case it is more conformable with the objects and true intent of the statute authorizing the sale of land under execution, that if the debtor cannot ascertain and hold or recover the supposed excess of land sold above the proper quantity, he should receive the small pecuniary excess which has been produced by the sale, rather than that the entire sale should be declared void; whereby the creditors whose debts have been satisfied by two successive *214 sales of this land, would be thrown back upon their judgments, and the purchaser deprived of his purchase, without any fraud, or substantial injury to the debtor, in the sale that is now complained of, and all sales of land under execution jeoparded.
But in this case, the land sold was to be laid off at the lower end of a larger tract lying on the Ohio river, and if the quantity of the excess could be ascertained, its position can be fixed with as much certainty as the upper boundary of the 245 acres can be fixed. If it cannot be said with certainty, that the excess of land sold bears the same proportion to the whole quantity sold, as the pecuniary excess bears to the whole sum produced by the sale, it cannot be said with certainty that there was any excess of land sold; and therefore, no excess of authority, and no ground for avoiding any part of the sale. And if it can be ascertained, one of the principal grounds for avoiding the whole sale is at an end. When to these considerations we add, that John Bruce, the debtor, appears to have entered into the sale bond with Alexander Bruce, the purchaser, for the payment of the purchase money in three months, and that the bond recites the sale of two hundred and forty five acres to be laid off at the lower end of the tract of four hundred and sixty acres, we think this circumstance should have some weight in fortifying the foregoing conclusion that John Bruce should not be permitted to avoid this entire sale after the land had been acquired by the plaintiff’s lessor, under a judgment and execution against Alexander Bruce, levied on this land after it had been conveyed to said Alexander, in virtue of his purchase.
We are of opinion, therefore, that the Court erred in the instruction above stated; and for this error, the judgment is reversed, and the cause remanded for a new trial.