# Ex Parte BRYANT.

[APPLICATION FOR BAIL.]

1. *Right of bail in criminal cases.*—Under the constitution and laws of this State regulating the right of bail, a party in custody, under a charge of murder, is entitled to bail as a matter of right, even after indictment found, unless the court to which the application is made is of opinion, on all the evidence adduced, that the proof is evident, or the presumption great, that he is guilty of murder in the first degree.

APPLICATION for bail, under section 3673 of the Code, by Stephen A. Bryant, William Bryant, James Dobbins, and Eliza Byers; bail having been refused them by the Hon. Wm. S. Mudd, presiding in and for the circuit court of Tuskaloosa. The transcript submitted with the appli-

cation shows that the petitioners were jointly indicted, at the March term, 1859, of said circuit court, for the murder of one Butler; that they were arraigned, on a subsequent day of the same term, and pleaded not guilty; that a day was thereupon set for their trial; that Stephen A. Bryant, on the day appointed for the trial, objected to proceeding with his trial, on account of a defect in the copy of the *venire* served on him; that thereupon, against the wishes and consent of the others, the court continued the cause as to all the prisoners, being of opinion that a severance ought not to be had unless desired by the solicitor for the State; that on a subsequent day of the same term, the prisoners all made application for bail; that the evidence adduced on the hearing of the application, both for and against it, was all reduced to writing, as embodied in the bill of exceptions; that after the evidence was heard, "the court, being of opinion that, after the finding of the indictment by the grand jury, the court had no power to consider any question as to the guilt or innocence of the prisoners for the purposes of bail, but only the grade of the offense, refused to permit the said prisoners, or either of them, to give bail;" and that the prisoners reserved an exception to this decision.

E. W. PECK, for the prisoners.—The 17th section of the bill of rights declares, that "all persons shall, before conviction, be bailable by sufficient securities, except for capital offenses, where the proof is evident, or the presumption great." Capital offenses only are excepted, where the proof is evident or the presumption great, but not otherwise. Capital offenses are not divided by this section into different grades: the only distinction made is, where the proof is evident, or the presumption great, and where it is not. In the first class, no person is entitled to bail; in the second, all persons are entitled to bail before conviction. If the true construction of section 3669 of the Code be, that a person indicted for murder in the first degree cannot be bailed, without regard to the character of the evidence or the presumption in the case, then this section is in conflict with the 17th section of

the bill of rights, above quoted. But the language of this statute, properly construed, means that if the court or magistrate to whom the application is made, after hearing the evidence adduced, is of opinion on that evidence that the prisoner is guilty of the offense with which he is charged, in the degree punished capitally, then he cannot be bailed; otherwise, he is to be admitted to bail.—*Ex parte* Banks, 28 Ala. 99; *Ex parte* Mahone, 30 Ala. 49; *Ex parte* McCrary, 22 Ala. 72.

M. A. BALDWIN, Attorney-General, *contra.*—After an indictment has been found by a grand jury, in a case which may be punished capitally, this raises such a presumption of guilt against the prisoner, for the purposes of capture and custody, as to require him to rebut it by extenuating proof before he is entitled to bail. Under an indictment for murder, not specifying the degree, the prisoner may be convicted of murder in the first degree.—McCrary's case, 22 Ala. 65. In capital cases, there are different modes by which it may appear that the proof is evident or the presumption great. It may appear by the testimony of witnesses, in the course of a preliminary examination before a magistrate; on application for *habeas corpus*, before indictment found, before a chancellor, circuit judge, or supreme court judge, it may appear by the examination reduced to writing and returned to the circuit court, as prescribed by section 3416 of the Code, and also by the testimony of witnesses orally examined; but, after indictment found by a grand jury, this, of itself, supplies the evident proof or great presumption contemplated by the constitution, and throws on the prisoner the *onus* of showing extenuating circumstances sufficient to repel the presumption. And the reason of this, aside from the powers and duties of the grand jury, and the guards thrown around them, is to be found in the fact, that the grand jury cannot find a bill of indictment, except upon testimony adduced before them, which, if uncontradicted, would be sufficient to convict before a petit jury.—1 Chitty's Criminal Law, 318–20; People v. Hyler, 2 Parker's Crim. Rep. 575.

The 17th section of the bill of rights is in affirmation of the common law on the subject of bail. At common law, all offenses were bailable; though the court of king's bench, in the exercise of its discretion, was guided by a series of decisions.—1 Chitty's Crim. Law, 129. The rule of the common law was, not to bail for murder, high treason, &c., "unless when, in consequence of the defect of the commitment, and of the examination and depositions, it appears doubtful whether any offense has been committed.—1 Chitty's Crim. Law, 99. In other words, at common law, as under our constitution, bail could not be granted, in cases of murder, treason, &c., where the proof was evident, or the presumption great. "A man charged with murder," says Mr. Chitty, "by the verdict of the coroner's inquest, may be admitted to bail, if it appears by the depositions to amount only to manslaughter; though not after the finding of an indictment by the grand jury."—Chitty's Crim. Law, 129. The same rule is to be found in all the standard authors on criminal law, and is recognized by all the American decisions; with the qualification in some of them, that a prisoner may be bailed, after indictment found, provided he rebuts by evidence the presumption of guilt raised by the indictment.—Shore v. The State, 6 Mo. 641; *Ex parte* Taylor, 5 Cowen, 57; People v. VanHorne, 8 Barr, 158; People v. Goodwin, 1 Wheeler's C. C. 434–47; People v. Hyler, 2 Parker's Crim. R. 570; 16 Eng. Law & Eq. R. 367; People v. McLeod, 1 Hill, 392, and note *c*; 3 Hill, 668, and note 4; *Ex parte* White, 4 Eng. (Ark.) 324.

R. W. WALKER, J.—By the ancient common law, all offenses, including capital felonies, were bailable. And though by various statutes passed by parliament restrictions have been imposed upon the right of justices of the peace to let to bail; the court of king's bench, in taking bail in cases of treason, murder, and other felonies, has always been, and is now, limited only by its discretion. Rex v. Remnoni, 2 Term R. 169; Rex v. Marks, 3 East, 157; 1 Chitty's Cr. L. 98, 129; *Ex parte* Baronet, 16 Eng. L. & Eq. 361; 2 Hale's P. C. 129; 2 Hawk. P. C. ch. 15,

§§ ·40 and 80. But in the rules which that court observes in admitting prisoners to bail, it is guided by a series of decisions; for the discretion which it exercises is not a wild, but a sound discretion.—1 Chitty's Cr. L. 129. These decisions clearly establish it as a rule of the common law, that before indictment found, a defendant charged with murder will be admitted to bail, whenever, upon examination of the testimony under which he is held, the presumption of guilt is not strong; while, on the other hand, bail is always refused after an indictment for murder has been found by a grand jury.—Petersdorff, *Bail*, 270, 521; Rex v. Mohun, 1 Salk. 104; Lester's case, 1 Salk. 103; Tayloe's case, 5 Cowen, 39; Regina v. Chapman, 8 C. & P. 558; Regina v. Guttredge, 9 C. & P. 228; 1 Bacon's Ab. 581; 1 Wheeler's Cr. Cases, 435; King v. Marks, 3 East, 175; People v. Hyler, 2 Parker's Cr. R. 573–4; People v. McLeod, 1 Hill, 392. The reason of this distinction will be understood by reference to the practice of the English courts on the hearing of applications for bail. According to that practice, where the application is made after commitment, but before indictment, the court will look into the depositions taken before the committing magistrate, as a part of the documentary authority on which the commitment was founded. In fact, in examining the question of the defendant's guilt, the court is confined to these depositions, and the strongest case of innocence made out by extrinsic evidence will not be received.—1 Chitty's Cr. L. 128–9; People v. McLeod, 1 Hill, 394–7; Rex v. Greenwood, 2 Strange, 1138; ·Appendix, 3 Hill, p. 667, and authorities cited; Tayloe's case, 5 Cowen, 56; People v. Hyler, 2 Parker's Cr. R. 570. But, after an indictment is found, the court will not go behind it, to inquire into the merits. The reason is given in Lord Mohun's case, 1 Salkeld, 104. In that case, an examination was first had before a coroner, depositions taken, and an inquisition of murder found. Lord Holt, C. J., in accordance with the practice above stated, looked into the depositions taken before the coroner, and let the defendant to bail. An indictment for murder was afterwards found, and the counsel for Lord Mohun moved in

the court of king's bench that the bail be continued; alleging that the same witnesses had been examined before the grand jury as upon the inquisition before the coroner. The answer was—"If a man be found guilty of murder by the coroner's inquest, we sometimes bail him, because the coroner proceeds upon depositions which we may look into. Otherwise, if a man be found guilty of murder by a grand jury; because the court cannot take notice of their evidence, which they, by their oath, are bound to conceal." The same reason is given for the distinction by Mr. Chitty.—Chitty's Cr. L. 129; see, also, Rex v. Dalton, 2 Strange, 911; *Ex parte* Tayloe, 5 Cowen, 56; People v. McLeod, 1 Hill, 393; People v. VanHorne, 8 Barb. 163; Territory v. Benoit, 1 Martin, 142; Petersdorff, *Bail*, 521; People v. Hyler, 2 Parker's Cr. R. 571.

It thus appears that, according to the English practice, the court looks alone to the written evidence under which the defendant is held, and cannot receive extrinsic testimony; that all offenses are bailable before indictment, unless from an examination of the depositions taken before the committing magistrate, it appears that the defendant is guilty of a capital felony; and that after an indictment for an offense punishable capitally, the court cannot inquire into the merits, for the reason that the evidence on which the indictment was found is not in writing, and, if it were, could not be disclosed; and the court, having no means of ascertaining otherwise, will, therefore, always imply that the grand jury has not indicted on insufficient proof, and so refuse to bail.—People v. Hyler, 2 Parker's Cr. R. 572.

But the rules of the common law, thus established by the English decisions, have been, in effect, abolished by the provisions of our constitution and statutes in relation to bail in criminal cases. The 17th section of our bill of rights declares, that "all persons shall, *before conviction*, be bailable by sufficient securities, except for capital offenses, where the proof is evident or the presumption great." And under our statutes, upon the hearing of applications for bail, either before or after indictment, the court is not, as according to the practice in England, confined to the

written evidence taken down before the committing magistrate; but the case is heard *de novo,* the solicitor and prosecutor are notified to attend, and witnesses are subpœnaed both for the State and for the defendant, and examined before the court, which is to decide the application upon "the evidence produced."—Code, §§ 3721, 3722, 3732–3, 3745–6, 3669, 3673; *Ex parte* Mahone, 30 Ala. 41; *Ex parte* Banks, 28 Ala. 89.

By section 3669 of the Code it is provided, that "the defendant cannot be admitted to bail, in cases which are or may be punishable with death, where the court or magistrate is of opinion on the evidence that the defendant is guilty of the offense in the degree. punishable capitally." This section of the Code must be so construed as to make it conform to the 17th section of our bill of rights, above quoted. Accordingly, to justify a court in refusing bail, whether before or after indictment found, the judge must be of opinion, upon the evidence introduced upon the hearing of the application, that 'the proof is evident, or the presumption great,' that the defendant is guilty of the offense in the degree punishable capitally.

In Commonwealth v. Keeper of the Prison, 2 Ashmead, under a clause in the constitution of Pennsylvania, declaring that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses, where the proof is evident, or the presumption strong," it was held, that it was a safe rule, where a malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction, if pronounced by a jury on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail; and in instances where the evidence is of less efficacy, to admit to bail. This decision was cited with approbation by the supreme court of Ohio, in the State v. Sammons, 19 Ohio, 139; and that court added—"So with us in Ohio, if the evidence exhibited on the hearing of the application to admit to bail, be of so weak a character that it would not sustain a verdict of guilty, against a motion for a new trial, the court will feel it their duty, under the constitution, to adjudge the prisoner bailable by sufficient sureties."

The supreme court of Mississippi, in construing a clause in the constitution of that State, identical with the 17th section of our bill of rights, and in reference to an application for bail made after indictment found, holds, that " the inquiry is whether the proof is evident or the presumption great; that is to say, is the offense, as shown by the whole testimony, one which must, under the law, be capitally punished."· *     * " If the offense is not shown by evident proof or great presumption to be one for the commission of which the law inflicts capital punishment, bail is not a matter of mere discretion with the court, but of right to the prisoner." And in deciding the application then before it, the court says : " The worst, under the whole evidence, that can be said against the prisoner, is that a doubt may exist as to the malice ; and if a well founded doubt can ever be entertained, then the proof cannot be said to be evident, nor the presumption great."—Wray, Ex parte, 30 Miss. 679 ; see, also, Ready v. Commonwealth, 9 Dana, 40 ; Ullery v. Commonwealth, 8 B. Monroe, 4, and the syllabus given in Alexander's Texas Digest, p. 230, § 4–5, of the decision on the court in the unpublished case of Wingate v. The Republic ; Ex parte Banks, 28 Ala. 89 ; Ex parte Croom and May, 19 Ala. 570 ; Ex parte Simonton, 9 Porter, 392 ; Ex parte McCrary, 22 Ala. 65.

Much testimony is set out in this record, which, while it is competent evidence against some of the defendants, must not be allowed to prejudice the others. In forming an opinion as to the guilt or innocence of any one of the persons accused, we, of course, look alone to so much of the evidence as, according to legal rules, would be admissible against him, if tried separately frem his co-defendants. We cannot say, upon the evidence before us, thus considered, that the 'proof is evident or the presumption great,' that the petitioners, Stephen A. Bryant, William Bryant, and James Dobbins, are guilty of murder in the first degree. They are, therefore, entitled to bail as matter of right. We consider it our duty, however, upon the evidence before us, not to let the prisoner Eliza Byers to bail. For obvious reasons, we forbear to comment upon

the evidence. The opinion which we give on this motion ought not to influence the final determination as to the guilt or innocence of any of the defendants. For our judgment is founded entirely upon the written testimony before us, which is, evidently, a very imperfect report of the evidence of the witnesses, and far from being a full exhibition of all the facts of the case.

It is ordered, that the motion of the defendant, Eliza Byers, to be let to bail, be overruled. It is further ordered, that the defendants, Stephen A. Bryant, William Bryant, and James Dobbins be admitted to bail; that the amount thereof in the case of Stephen A. Bryant be $3,000; in the case of William Bryant, $1,000; and in the case of James Dobbins, $500; and that the sheriff of Tuskaloosa county may discharge either of the said defendants above named, out of his custody, upon his giving a written undertaking, signed by himself and at least two sufficient sureties, agreeing to pay to the State of Alabama the amount above designated as the amount of bail in his particular case, unless he (the defendant giving such undertaking) appear at the next term of the circuit court for Tuskaloosa county, and from term to term thereafter until discharged by law, to answer the offense of murder.