Avery v. Bowman.

## AVERY *v.* BOWMAN.

An execution which correctly states the judgment on which it is founded, is not vitiated by an error of the clerk in computing the aggregate amount of the debt and costs in such judgment.

Under the provisions of the Revised Statutes, interest was collectable on an execution issued before they went into operation.

After the lapse of seventeen years, the maxim *de minimis* will be holden applicable to an excess of seventy-seven cents in the levy of an execution upon real estate.

Where there is an excess in the levy of an execution resulting entirely from a mistake in the computation of the clerk who issued it, with no designed or intentional wrong on the part of the creditor or officer making the levy, such excess will not avoid the levy.

Where there is an excess in a levy solely through a mere mistake in fact as to the amount of the judgment levied, the levy will not be holden void, but the aggrieved party be left to his remedy in equity, where, by a proper decree, the creditor may be compelled to relinquish so much of the property levied upon as would be equal to the excess levied, or pay an equivalent therefor in money.

The creditor, his heir or representative, upon the discovery of such mistake, may come into a court of equity, and have the error corrected, by relinquishing a portion of the property levied upon, equal in value to the excess, or by refunding in cash the amount of the excess, with interest from the date of the levy.

In Equity. The bill alleged, in substance, that, on or about the 18th day of July, 1841, Lyman B. Walker, under whom the plaintiffs claim, one as administrator of his estate and the other as his only child and heir, sued out of the office of the clerk of the Court of Common Pleas for Belknap county, his writ of attachment against the defendant Bowman, and caused to be attached thereon certain land which said Bowman, on the 20th day of November, 1840, had fraudulently conveyed to the other defendant Libby; that, at a term of said court holden on the second Tuesday of February, 1843, said Walker recovered judgment in said suit, against said Bowman, for $39.14 debt or damages, and costs taxed at $15.98, upon which judgment execution issued February 27, 1843, in the ordinary form; that, in issuing the execution, the clerk of said court, by mistake in adding together the debt and costs in said judgment, which were correctly stated separately in the execution, made the amount thereof one dollar too much, to wit, $56.12 instead of $55.12, and therein and thereby directed the officer serving said execution to levy and collect thereon a sum one dollar larger than the true amount of said debt and costs; that, in accordance with the command of said execution, the officer to whom the same was committed, on the 23d day of March, 1843, undesignedly levied the same upon the land attached upon the original writ, for the too great amount of debt and costs so by mistake stated therein, together with his fees and charges, and on the 8th day of August, 1843, delivered seizin and possession thereof to said Walker, who retained the same in his hands, making various improvements thereon, without discovering the mistake of the clerk or in the levy, until his death in June, 1857; that, since his death, said land has come to the possession of the plaintiffs; that said Libbey, intending to make effectual the fraudulent conveyance of November 20, 1840, has brought his writ of entry

against the plaintiffs to recover said land, relying upon the error in the levy, resulting from the aforesaid mistake of the clerk in issuing said execution, as vacating and rendering said levy wholly void; that, at the time of the levy, Walker was entitled to interest upon his judgment from its date to the date of the levy, if not to the date when he received possession of the land levied upon; and prays the court to ascertain the amount of such interest, and, after allowing that amount against the error of one dollar made by the clerk, to decree that the plaintiffs pay the balance, with interest thereon, to said Bowman, or, if he will not receive it, to decree that the plaintiffs may bring the same into court; and that such payment, or bringing into court, may be decreed to be a full and final adjustment, as between the parties, of the aforesaid mistakes in the issuing and levy of said execution; and for such further relief as the circumstances of the case require and justify.

The defendants demurred specially to the bill, because the plaintiffs had not thereby made a case entitling themselves to the relief prayed, inasmuch as the court had no power to grant it. There was a joinder in demurrer, and the case was submitted upon the bill and demurrer.

*Avery* and *Perley*, for the plaintiffs.

*E. A. Hibbard*, for the defendants.

FOWLER, J. The execution correctly described the judgment on which it was founded, was recognized by the debtor when he chose an appraiser on his part, and was valid and effectual, notwithstanding the mistake of the clerk in adding together the separate amounts of debt and costs included in the judgment. The levy made upon it was consequently valid, unless vitiated by reason of its being made for too large a sum. *Morse* v. *Dewey*, 3 N. H. 535, and authorities cited; 26 Me. 411; 10 Johns. 381.

The bill expressly states, and the demurrer admits that, if the levy was for too much, it was not the fault of the creditor, but an unintentional error of the officer, into which he was led by the mistake of the clerk in computing the aggregate amount of the debt and costs in the judgment.

By the 6th section of chapter 193 of the Revised Statutes (Compiled Laws 496), which went into operation March 1, 1843, interest was payable and collectable by levy upon this execution, although it issued February 27, 1843. The new statute, merely providing a new remedy for an existing right, operated as well upon executions already issued as upon those issued after it took effect. *Willard* v. *Harvey*, 24 N. H. 344.

The exact date of the judgment is not stated in the bill, but, as the execution issued February 27, it must have been as early at least as February 25, 1843. The levy was commenced March 23, 1843, and possession of the land levied upon delivered to the creditor August 8, 1843. The true amount of the debt and costs in the judgment was $55.12 ; interest upon this amount for twenty-five days would be twenty-three cents, which sum at least must have been collectable as interest upon the execution. If the levy were not in fact made until about the 8th of August, when possession of the premises was delivered to and received by the creditor, the interest would evidently amount to considerably more than the mistake of one dollar in computation by the clerk. But we think that the actual time of making the levy not appearing, interest can only be reckoned to the date of its commencement, so that the levy must be holden to have been made for an excess of seventy-seven cents.

Does an excess of this amount in a levy upon land, made without any intentional wrong on the part of any one, purely through the carelessness and mistake of the clerk in issuing the execution, render the levy void ?

Shall a levy, acquiesced in for nearly seventeen years, be avoided as between the original parties for such an error? It seems to us clearly not, and for several reasons.

In the first place, the amount is so trifling that it may well be doubted whether any appreciable quantity of land was set off upon the execution on account of this error; and unless it were shown affirmatively that such was the fact, the presumption would perhaps be that there was not. At all events, after an acquiescense of nearly seventeen years, and the making of valuable improvements by the judgment creditor, we think the maxim, " *De minimis non curat lex*," might properly be holden to apply. *Adams* v. *Keesar*, 7 Dana 208; *Spencer* v. *Champion*, 9 Conn. 536; *Huntington* v. *Winchell*, 8 Conn. 451; *Jackson* v. *Pratt*, 10 Johns. 381; *Jackson* v. *Page*, 4 Wend. 385; *Jackson* v. *Anderson*, 4 Wend. 474; *Morrison* v. *Bruce*, 9 Dana 211.

Again; it is well settled, in this State and elsewhere, that an error, intentional or otherwise, of an officer in taxing his fees for levying an execution, whereby the levy is made for too much, does not avoid the levy. *Burnham* v. *Aiken*, 6 N. H. 306; *Odiorne* v. *Mason*, 9 N. H. 24; *Sturdevant* v. *Frothingham*, 10 Me. 100; *Holmes* v. *Hall*, 4 Met. 409; *Eastman* v. *Curtis*, 4 Vt. 621. And we can see no reason why the same principle should not be applied to a levy made excessive in consequence of the mistake of the officer, induced by an error of the clerk in making out the execution. The creditor was in no way responsible for this error; there was no intentional wrong on the part of any one, and it would seem clearly wrong to visit an innocent purchaser with the loss of an estate for the unintentional blunder of a clerical officer, responsible for his official acts. It seems to us that all the reasoning which courts have suggested for not avoiding a levy when the excess is attributable entirely to the mistake or misconduct of the levying officer, applies with full force to a levy made excessive entirely through the fault of the clerk who

issued the execution, without design or coöperation of the creditor.

But, to correct and relieve against the consequences of accidents and mistakes, is peculiarly a matter for the jurisdiction of a court of equity; and even if the excess in the present case were not to be holden as too trifling to be noticed, or as being avoided, as resulting from the fault of the clerk only, in issuing the execution, we are entirely satisfied that where there is no designed wrong on the part of a creditor, but a mere mistake in fact as to the true amount of the judgment levied, induced by an error of the clerk in making up the judgment and issuing the execution thereon, or otherwise, although the excess may be of importance, the levy should not be holden void, but the party aggrieved be left to his remedy in equity, where a court of chancery, by a proper decree, might compel the creditor to relinquish so much of the land levied upon as would be equal in value to the amount of the excess levied, or pay an equivalent therefor in money. Such a course must be entirely unobjectionable; would do full and exact justice to the injured party; could harm no one, and appears to us a far more just and reasonable mode of adjusting the difficulty, and correcting the undesigned error, than any other. *Hathaway* v. *Hemingway*, 20 Conn. 191; *Huntington* v. *Winchell*, 8 Conn. 45; *Morrison* v. *Bruce*, 9 Dana 211.

If, then, the levy was good notwithstanding the excess— either because it was too trifling to be noticed by the law, or because it was the error of the clerk without any intentional wrong on the part of the creditor, or because, though important in amount, yet it was the result of no fault of the creditor, and the party aggrieved had his remedy in equity for a restoration of the land erroneously taken, or its equivalent—there surely can be no valid objection, that we can perceive, especially since the statute of June 27, 1859, to permitting the creditor, his heir or representative,

whenever the mistake is discovered, to come into a court of equity, and there make full compensation for the wrong suffered, through no fault on his part; and this compensation may be made by refunding to the debtor, in cash, the amount of the excess levied, with interest from the time of the levy, if there be no valid and sufficient objection to such a course.   Were the amount of the error considerable, the debtor might well be entitled to a restoration of the land erroneously levied upon, if he insisted upon it.

With these views the demurrer must be overruled, and unless the defendants shall elect to withdraw it and plead anew, or answer, the plaintiffs are entitled to the relief prayed for, on paying to the defendant, Bowman, seventy-seven cents, with interest thereon from March 23, 1843.

*Demurrer overruled.*