## Siler v. Lawson.

(Decided February 18, 1915.)

### Appeal from Whitley Circuit Court.

1. Land—Suit to Set Aside Sale of.—In a suit to set aside a sale of land under execution because more land was sold than was necessary to pay the debt, the fact that the sheriff offered publicly to sell the land to any one who would take a less quantity and pay the debt and received no bid, was sufficient proof that it was necessary to sell all of it.

2. Land—Sale of Under Execution.—When no one will take a less quantity of land and pay the debt, then the debtor should accept the excess which the land brought on sale as a whole rather than have the sale declared void.

3. Land—Sale of Under Execution.—It was sufficient compliance with the Statute to advertise a sale of 4 acres to pay the debt. The possible sale of a less quantity is such a matter of law as to put all parties on notice that it will be offered alternatively.

R. S. ROSE for appellant.

K. D. PERKINS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is a question about the validity of a sale of land by the sheriff under execution. Appellant contends that the sheriff sold more land than was necessary to satisfy the judgment, and, therefore, the sale is void, because in violation of Sub-section 1, Section 1682, Kentucky Statutes, which provides that "Only so much land can be sold as will satisfy the execution under which the sale is made."

The question comes to us in this way: The appellee recovered a judgment against appellant for $250 damages which he sustained from an unlawful assault and battery at the hands of appellant.

In April, 1913, execution issued in favor of appellee on the judgment of $250 and $14.90 cost. The sheriff levied this execution upon a tract of land belonging to appellant, and in due course 4 acres of it was sold under a *venditioni exponas*. The appellant resided upon the land, but before the sale the sheriff had two disinterested appraisers appointed, and they set apart the four acres as being subject to sale, and which they valued at $500. The residue was set apart to appellant as a homestead and valued at $1,000. The sale was advertised and

the four acres minutely described. The appellee, execution creditor, was the purchaser at the sale at the price of $334. This being about $70 in excess of the judgment, he offered to pay that amount into court and also made specific tender of it to the appellant, but in each case the offer was refused.

From the sheriff's report of sale these facts appear:

"The defendant, Fred Siler, was present in person and represented by attorney, who forbid the sale and made an oral statement that the land had been appraised too high, when the plaintiff, G. P. Lawson, became the highest and best bidder at the price of $334.00, and the same was stricken off to him at said sum. He then offered to see who would pay the debt, interest and cost, and take a less number of acres or a less quantity of land than the boundary of about four acres, and received no bid. He files herewith, as a part of his report, said *venditioni exponas,* appraisers' reports, copy of advertisement of sale, and statement of amount of judgment, interest and cost, including sheriff's commission, advertising sale, &c."

There is nothing in the case to indicate that the four-acre tract was susceptible of division, and the only evidence that the sheriff sold more land than was necessary is the fact that it brought $70 more than the judgment debt. But the sheriff reports that he then offered to see who would pay the judgment debt and take a less number of acres, or a less quantity of land, and he received no bid. The facts reported are uncontradicted, and, as he shows that no one would take a less quantity of land and pay the debt, there is ample evidence that he had to sell all of it. The landowner attended the sale in person and was represented by attorney. They do not contend that anything occurred at the sale different from the sheriff's report.

Appellant cites many cases supporting the doctrine that a sale under execution of more land than is necessary to satisfy the judgment renders the sale void, but no authority is needed to support it, for the statute is specific. But, in this case, the facts show that the sheriff did not sell any more land than was necessary. If, by reason of indivisability no one will take a less quantity of land and pay the debt, then it is better that the debtor should accept the excess which the land brought on sale as a whole rather than the sale should be declared void.

Morrison v. Bruce, 9 Dana, 39; Southard v. Pope, 9 B. Mon., 261; Adams v. Keiser, 7 Dana, 208; Mullins v. Southwood, 32 Ky. L. R., 1246; Sublette v. Gardner, 144 Ky., 190.

Appellant complains that the sheriff advertised that he would sell four acres—all of it. It is said that he should have advertised that he would sell a less quantity if it would satisfy the judgment. As the sheriff had a right to sell all the four acres if it required all of it to pay the debt, the possible sale of a less quantity was a matter of law, and of which all parties would take notice.

For the reasons indicated the judgment of the lower court is affirmed.