164 So. 764

## HANEY v. STATE.
### 8 Div. 301.

Court of Appeals of Alabama.
Dec. 17, 1935.

Claud D. Scruggs, O. D. Street, and John A. Lusk & Son, all of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

In section 16 of the Constitution of 1901, "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof·is evident or the presumption great."

It would be a work of supererogation for us in this case and at this time to undertake a restatement of the rule by and through which persons charged with capital offenses may be admitted to bail; nor do we think we can add anything to the declarations of our courts in setting forth principles applicable to cases such as we here have under consideration. Briefly stated, a denial of bail is justified when the indictment charges a capital offense and the proof of such offense is evident, or the presumption great. Ex parte Simonton, 9 Port. 390, 33 Am.Dec. 320; Ex parte McCrary, 22 Ala. 65; Ex parte Mahone, 30, Ala. 49, 68 Am.Dec. 111; Ex parte Bryant, 34 Ala. 270. Especial attention is called to the cases of Ex parte Nettles, 58 Ala. 268; Ex parte Sloane, 95 Ala. 22, 11 So. 14. That, of course, is the rule which the circuit judge had before him in passing on the evidence in this case in which he denied bail.

There is some slight testimony tending to prove that the dead man had a· pistol and fired the first shot. As to this evidence, we make no comment and indeed we are refraining from a discussion or any analysis of the testimony in the case because of the fact that the case must be· tried before a jury and we have no desire to burden its consideration with the expressions or opinions by this court.

There is also some testimony tending to prove that the defendant in this case suffered from epilepsy · and that at times he had spells of this disease which caused him to be unconscious. If by this a plea of insanity is intimated, we do say that the evidence offered was wholly insufficient for that purpose.

Giving to the judgment of the trial court the presumptions to which they are entitled under the law, we are clear to the conclusion that his judgment should be affirmed and it is so ordered.

Affirmed.