22 So.2d 100

### PAIR v. STATE.
6 Div. 222.

Court of Appeals of Alabama.
April 10, 1945.

Rehearing Denied April 17, 1945.

Beddow, Ray & Jones, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Habeas corpus seeking bail. Petitioner, charged by indictment with the offense of murder in the first degree, filed his petition of·habeas corpus seeking bail. The petition was directed to the Honorable Judges of the Circuit Court of Jefferson County and the hearing thereof resulted in a denial of the prayer to allow him bail. From such order this appeal was taken.

The Bill of Rights, Constitution 1901, Section 16, reads: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." Section 17 of Const. 1901 provides: "That the privilege of the writ of habeas corpus shall not be suspended by the authorities of this state."

The prevailing rule of construction of the foregoing sections of the Constitution has so often been determined and de-

clared, we refrain from a repetition here except to say that our appellate courts have held that the "proof is not evident and the presumption is not great" where from the evidence adduced a well-founded doubt exists as to murder in the first degree (Ex parte Bryant, 34 Ala. 270; Ex parte Hammock, 78 Ala. 414); or where, upon such evidence, the court would not sustain a verdict of conviction of murder in the highest degree (Ex parte Sloane, 95 Ala. 22, 11 So. 14, and citations under section 16 of the Constitution).

The foregoing expression, "when the proof is evident or the presumption great" when applied to the offense with which petitioner is charged, i. e., murder in the first degree, necessarily means there must be evidence beyond a reasonable doubt (1) that the killing complained of was willfully done, (2) that it was done with malice aforethought, (3) that it was done with premeditation, and (4) with deliberation, and, of course, unlawfully done. If either of the foregoing essential ingredients are lacking in the testimony, the offense could not be murder in the first degree, therefore the proof is not evident, or the presumption great, and the defendant, under the constitutional provision, supra, would be entitled to bail. This petitioner, nor any other person charged with crime, should not be punished for the commission thereof, until after his conviction therefor, by a jury of his peers.

Bail should not be denied for the purpose of punishing a person charged with crime. Bail is exacted for the sole purpose of securing the attendance of the defendant at court at all times when his presence may be lawfully required, and his rendering himself in execution of any legal judgment that may be pronounced against him.

After a thorough careful consideration of all the facts and circumstances of this case, disclosed by the evidence, we are clear to the conclusion that the petitioner is entitled to bail. As is the custom we do not deem it wise to discuss this evidence. The order and judgment of the lower court denying prisoner bail is reversed, and it is here ordered and adjudged that petitioner may be admitted to bail in the sum of $5,000 conditioned and approved as the law requires.

Reversed and remanded, with instructions.