190 So. 908

### SIMPSON v. STATE.
### 3 Div. 824.

Court of Appeals of Alabama.
Aug. 26, 1939.

C. L. Hybart, of Monroeville, and Horne & Hodnette, of Atmore, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

PER CURIAM.

The petitioner was charged by affidavit before a Justice of the Peace with murder in the first degree and, upon preliminary hearing, was committed to jail without bail. Upon petition to the Probate Judge to be allowed bail the petition was denied and from that order is this appeal.

The facts in this case, as shown by the record, have been considered by this court sitting en banc, but for obvious reasons the evidence is not commented upon other than is necessary to reach a conclusion.

Under Section 16 of the Declaration of Rights, as set out in the Constitution of 1901; "All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

The rule applicable to the Section of the Constitution above set out has been variously cited by appellate courts of this State in habeas corpus cases, but taking them all into consideration it comes down to the statement, that a person charged with a capital offense, even by indictment, is entitled to bail where the court would not sustain a conviction in the highest degree. We are not impressed, even by undisputed testimony for the State, that this defendant will probably be convicted of the highest degree of homicide, and for that reason we are clear to the conclusion that he is entitled to bail.

Being entitled to bail, such bail should be reasonable and not excessive, and should take into consideration the station in life of the defendant and of the surrounding circumstances. We are of the opinion that the defendant should enter into Bond in the sum of $2,500, payable and conditioned as required by law for his appearance to answer such indictment as may be preferred against him.

It is, therefore, ordered that the defendant shall be admitted to bail in the sum of $2,500; that said Bond shall be taken and approved by the Probate Judge of the County of Escambia, or by the Sheriff of the County of Escambia, in compliance with Section 3369 of the Code of 1923.

The judgment is reversed and bail is fixed at $2,500.