23 So.2d 520

## SMOOT v. STATE.

### 7 Div. 850.

Court of Appeals of Alabama.

Oct. 2, 1945.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

Robt. B. Harwood, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Petitioner (appellant) being held in custody under affidavit and warrant charging him with the offense of murder in the first degree petitioned by habeas corpus to Honorable W. M. Rayburn, circuit judge of Etowah County, for bail. From an adverse ruling denying bail, this appeal was taken.

The law and rules governing a proceeding of this character have been announced innumerable times by this court. There appears no necessity for reiteration here. Griswald v. State, 31 Ala.App. 583, 20 So. 2d 54; Berry v. State, 31 Ala.App. 584, 20 So.2d 55; Simpson v. State, 29 Ala. App. 27, 190 So. 908.

As stated we deem it unnecessary to restate the rule so often announced as being applicable and controlling in questions of this character. Nor would it be proper to set out in detail the evidence upon which the case is rested. Nor will there be comment upon said evidence except to say that, after a careful and attentive consideration thereof, we are of the opinion that the trial judge arrived at the wrong conclusion and that the petitioner is, under said evidence, entitled to bail in a reasonable sum commensurate with his condition in life and his ability to make bond.

It affirmatively appears from the evidence that the principals, defendant and deceased, were on friendly terms, prior to the difficulty resulting in the unfortunate death of deceased. This evidence is wholly devoid of any tendency to show premeditation and deliberation, ill will or hate. The trouble arose as a result of a trivial incident and the details of the actual difficulty are in conflict.

The order and judgment of the circuit judge is reversed with instructions to the presiding judge that petitioner be allowed bail and to enter an order admitting him to bail in such reasonable sum as his con-

·dition in life and ability to make bond may warrant, and to insure his appearance in court, as the law provides.

Reversed and remanded, with instruc-tions.