# *Ex parte* **Sloane.**

### Application for Bail on Habeas Corpus.

1.   *Homicide; words of insult or provocation.*—Mere words of provocation, however insulting or offensive, but not accompanied with an assault, or acts evidencing an intention to resort to immediate use of force, can never reduce a homicide from murder to manslaughter; but they may, under some circumstances, reduce the killing to murder in the second degree.

2.   *Right to bail.*—A person who is in custody under a charge of murder, is entitled to bail as a matter of right, unless the proof is evident, or the presumption great, that he is guilty of murder in the first degree.

3.   *Same; revision on appeal.*—On application for bail by a person who is in custody under a charge of murder, it is a safe rule to refuse bail when the judge would sustain a capital conviction by a jury on the same evidence, and to admit to bail where the evidence is of less efficacy ; and if bail is refused, a revisory court should refuse to interfere, unless it is clear that the lower court erred in its judgment.

Vol. 95.

[Ex parte Sloane.]

APPLICATION by William Sloane for the writ of *habeas corpus,* to procure his discharge, or admittance to bail, from the custody of the sheriff of DeKalb county, on an indictment for the murder of James Morton; bail having been refused by Hon. L. L. COCHRAN, the probate judge of said county, and an exception reserved by the prisoner to that decision. This court declines to discuss the facts connected with the killing, and a statement of them is not necessary to an understanding of the points decided.

L. A. DOBBS, and BRICKELL, SEMPLE & GUNTER, for the petitioner, contended that he was entitled to bail, as a matter of right, because the facts set out in the bill of exceptions showed that he was not guilty of murder in the first degree. They cited *Ex parte Bryant,* 34 Ala. 270; *Ex parte McAnally,* 53 Ala. 475; *Ex parte Banks,* 28 Ala. 99; *Ex parte Howard,* 30 Ala. 46; *Lumm v. State,* 3 Ind. 293; *Field v. State,* 52 Ala. 348; *Mitchell v. State,* 60 Ala. 26; *Com. v. Webster,* 5 Cush. Mass. 306; 18 Amer. Dec. 780; *Nye v. People,* 35 Mich. 16; *Hornsby v. State,* 94 Ala 55.

COLEMAN, J.—Section 3725 of the Code reads as follows: "Every homicide perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing, . . . is murder in the first degree; every other homicide, committed under such circumstances as would have constituted murder at common law, is murder in the second degree."

The declaration of rights in the Constitution of the State, section 17, provides "that all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, where the proof is evident, or the presumption is great." Murder in the first degree may be punished capitally. The four ingredients necessary to constitute murder in the first degree—willful, deliberate, malicious and premeditated—have each often been the subject of judicial construction by this court, as well as by other tribunals. We will not undertake it again.—*Lang v. State,* 84 Ala. 1; *Mitchell v. State,* 60 Ala. 26; *Hornsby v. State,* 94 Ala. 55; 10 So. Rep. 522; *Hamill v. State,* 90 Ala. 582. Words of provocation, not accompanied with an assault, or acts evincing an intention to resort to immediate use of force, can not reduce the killing from murder to manslaughter. The record shows that there was no assault made upon the defendant, and no act indicating an intention to resort to the use of immediate force against him by the deceased.

We are of opinion that the words or conduct of another, under some circumstances, may be of such an insulting or provoking character as to kindle sudden passion, and provoke immediate resentment, even to the taking of life. *Watson v. State*, 82 Ala. 12. If the insult or provocation is of such a character as is reasonably calculated to kindle passion and provoke sudden resentment, and if the proof shows that the insult or provocation had this effect, and the homicide is traceable solely to the influence of passion kindled by the insult or provocation, then such killing is not willful, malicious, deliberate and premeditated, and is not murder in the first degree, but murder in the second degree. Mere words, however offensive, can not reduce the offense to manslaughter.

On the other hand, the extent and character of the insult, or provocation offered, considered in connection with the state of feeling between the parties, and other attending circumstances, may be such as to justify the conclusion that the words or conduct of deceased were seized upon as a pretext to execute a previously formed design to take life. Although the design to take life may have been executed instantly after being formed, if it proceeded from willfulness, malice, deliberation and premeditation, the offense would be murder in the first degree.—*Hornsby v. State*, 94 Ala. 55; 10 So. Rep. 522. The degree of the offense—that is, whether the fatal shot was the result of giving away to sudden passion, reasonably excited, and in resentment of the insult or provocation, or in execution of a formed design, as explained and qualified—is a question of fact to be determined by the jury from all the circumstances in the case. A discussion of the facts might unduly prejudice the defendant when put upon his trial.

It is held in this State, as a safe rule by which the question of bail must be determined, when a malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction, if pronounced by a jury, on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail; and in instances where the evidence is of less efficacy, to admit to bail. This rule was declared in *Commonwealth v. Keeper of the Prison*, 1 Ashmead, and adopted by this court as a proper construction of a similar clause in our Constitution.—*Ex parte Bryant*, 34 Ala. 276; *Ex parte Nettles*, 58 Ala. 275; *Ex parte McAnally*, 53 Ala. 498. It is equally well settled in this State, "that when the question is presented to a revisory court, much is due to the judgment of the primary tribunal. The

[Compton v. The State.]

witnesses are personally before it, and the examination is usually had near the scene of the alleged offense, and in the midst of the circumstances attending the transaction. In all investigations of criminal accusations, much depends upon the manner in which the witnesses testify, the feeling of partiality or prejudice they may manifest, and their general demeanor. These the primary court has the opportunity of observing, and it should be clear that it has erred in its judgment, or a revisory court should abstain from interference."—*Ex parte McAnally, supra; Ex parte Nettles, supra.*

Applying these principles to the facts as presented in the record, we feel it our duty to deny the application for bail.

Application denied.