# Franks *v.* The State.

*Murder.*

(Decided June 3, 1914.   65 South. 857.)

*Bail; Right to; Proof Evident or Presumption Great.*—Under section 16, Constitution 1901, in an application for bail proof is not sufficient and the presumption is not great, where from the evidence adduced on the trial a well-founded doubt exists as to murder in the first degree, or where upon such evidence, the court would not sustain a verdict of conviction in that degree.

APPEAL from Fayette Probate Court.

Heard before Hon. E. P. GOODWIN.

John Franks was held under a charge of murder in the first degree, and brought habeas corpus to be admitted to bail. From an order denying bail, he appeals. Reversed and remanded.

BEASLEY & WRIGHT, and WALTER NESMITH, for appellant. The requisites essential to constitute murder in the first degree have been often passed upon by this court.—*Long v. State,* 84 Ala. 1; *Hamil v. State,* 90 Ala. 582; *Hornsby v. State,* 94 Ala. 55. On these authorities and numerous others which might be cited, the proof is not evident nor is the presumption great that the applicant was guilty of a capital felony, and hence, under section 16, Constitution 1901, defendant was entitled to bail.—*Ex parte King,* 86 Ala. 620; *Christian v. State,* 96 Ala. 90; *Naugher v. State,* 105 Ala. 26.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—The appellant was indicted for murder in the first degree, and this appeal is from an order

denying him admission to bail under writ of habeas corpus.

Section 16 of the Constitution, governing the admission to bail under the circumstances mentioned, has frequently been the subject of consideration and construction by our Supreme Court. The constitutional provision cited declares:

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

And our Supreme Court has held that the "proof is not evident and the presumption is not great" where from the evidence adduced a well-founded doubt exists as to murder in the first degree (*Ex parte Bryant*, 34 Ala. 270; *Ex parte Hammock*, 78 Ala. 414); or where, upon such evidence, the court would not sustain a verdict of conviction of murder in the highest degree (*Ex parte Sloane*, 95 Ala. 22, 11 South. 14, and citations under section 16 of the Constitution).

Our jurisdiction in this instance is appellate only, and our consideration is therefore confined to the evidence that was before the lower court on the trial of the writ of habeas corpus.—Code, § 6245. We do not deem it wise to discuss this evidence for fear such discussion might prejudice the state's case on the regular trial of the defendant on the charge, when and where the evidence may, in material particulars, be stronger for the state than here. We need only say that on the evidence before us and under the authorities cited below we are of opinion that the appellant is entitled to bail. —*De Arman v. State*, 71 Ala. 351; *Naugher v. State*, 105 Ala. 26, 17 South. 24; *Ex parte King*, 86 Ala. 620, 5 South. 863; *Hornsby v. State*, 94 Ala. 65, 10 South. 522, and authorities supra.

The order and judgment of the lower court denying the prisoner bail is therefore reversed, and the cause remanded, to the end that the lower court may admit him to bail in such reasonable sum as will be likely to secure his appearance at the trial.

Reversed and remanded.