(85 South. 37)

Ex parte OLIVE. . (6 Div. 666.)

(Court of Appeals of Alabama.   Jan. 16, 1920.)

HABEAS CORPUS &#9670;&#8594;113(12)—ORDER DENYING BAIL ON CONFLICTING EVIDENCE NOT DISTURBED ON APPEAL.

Order denying bail to one accused of homicide on his application for habeas corpus will not be disturbed on appeal where the evidence on the application was conflicting.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Ex parte petition by Otho Olive for writ of habeas corpus. From an order denying him bail, petitioner appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

On any hypothesis of the evidence, petitioner was entitled to bail. 51 Ala. 1.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellee.

The court properly denied bail, as evidence was in sharp conflict. 75 South. 756, and authorities there cited.

MERRITT, J. The petitioner, Olive, on the 27th day of August, 1919, shot the deceased, Bunk Walker, with a pistol, killing him.

A preliminary trial was had in the inferior court of Bessemer on September 13, 1919, at which time the court ordered that the defendant be committed to jail and there held to await the action of the grand jury by which he was indicted. On September 17, 1919, the petition for writ of habeas corpus was filed in the Bessemer division of the circuit court of Jefferson county, and on the same date an order was issued to the sheriff to bring the petitioner before the court on September 23, 1919, and on the last-named date the court, after hearing the testimony in the case, disallowed bail to Olive, and ordered that he be remanded to jail without bail. From this order petitioner appeals.

We have carefully considered the evidence in this case, and find that the tendencies of the evidence submitted by the prosecutor and petitioner on the application for bail were conflicting, and, this being so, we cannot better say than was said in a like case by Judge Pelham in the case of Ex parte Mancill, 15 Ala. App. 421, 73 South. 756, when he said:

"Having the proper regard for the weight which should, in such case, be accorded by the

revising court to the judgment of the primary tribunal, when the same is presented for review on appeal, * * * it cannot be held that the record presents a case where it is clear that the judge * * * was in error in deny-ing bail. We refrain from a discussion of the evidence, in view of the fact that the case will stand for trial."

See Ex parte Sloane, 95 Ala. 22, 11 South. 14, Ex parte McAnally, 53 Ala. 495, 25 Am. Rep. 646.

The result is that the order denying bail must be affirmed.

Affirmed.