(137 So. 320)

## ROAN v. STATE.

### 7 Div. 851.

Court of Appeals of Alabama.

Oct. 27, 1931.

Haralson & Son, C. J. Scott, and C. A. Wolfes, all of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### SAMFORD, J.

The petitioner was arrested and imprisoned on a warrant issued by a justice of the peace on a charge of murder in the first degree. This warrant was superseded and rendered functus officio by an indictment returned by the grand jury of the county charging petitioner with the same and identical offense. On motion of the solicitor, this indictment was quashed and a new indictment ordered by the circuit court, which included an order that the defendant be held without bail to await another indictment to be returned by the grand jury. Code 1923, § 4555.

The petitioner was therefore being held on an order of the circuit court and not on an indictment by the grand jury.

Under section 16 of the Constitution petitioner was entitled to bail in a reasonable amount and by sufficient sureties, unless the proof is evident or the presumption great that the offense was murder in the first degree and might be punished capitally. Ex parte Nettles, 58 Ala. 268; Ex parte McAnally, 53 Ala. 495, 25 Am. Rep. 646.

The burden rested on the state to prove the crime, that it was of the highest degree, and to show such a state of facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty. Ex parte Lawrence, 21 Ala. App. 537, 109 So. 615.

As this cause must be tried in the circuit court, it would be improper for this court to enter into extended comment on the evidence unless such was found to be necessary to a decision. We therefore, confine ourselves to the statement of the rule adhered to both in this court and the Supreme Court that, where bail has been refused by the primary magistrate on oral evidence, the appellate court will not interfere, unless such denial appears from the record to have been manifestly erroneous. We do not so find it in this case. Ex parte Richardson, 96 Ala. 110, 11 So. 316; Ex parte Key, 5 Ala. App. 274, 59 So. 331.

The order denying the writ is affirmed.

Affirmed.

### BRICKEN, P. J. (dissenting).

This appeal is under the provisions of section 3238 of the Code 1923, as amended by the Act of the Legislature of 1927, pp. 76, 77, wherein it is provided that any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the Supreme

Court, or Court of Appeals and these courts shall consider the case on the record and the evidence as set forth, and, if the judgment of the trial court is correct, the case shall be affirmed, if erroneous, the appellate court shall render such judgment as the trial court should have rendered.

My associates are of the opinion that the judgment of the trial court, in this case, was correct, and have ordered an affirmance thereof which must prevail. However, I am so firmly convinced that the judgment from which this appeal was taken is erroneous, my brief views on the subject must be expressed.

As stated in the majority opinion, the petitioner was held under a charge of murder by virtue of an affidavit and warrant issued by a justice of the peace. The presumption therefore was that the petitioner was innocent, and this presumption prevailed until the state by its evidence showed that he was guilty. Notwithstanding this, the court, after hearing all the evidence, made the statement, "I don't think the defendant has made sufficient showing to allow him bail; I will deny the writ." This was error, as the burden under the law rested upon the state, and not upon the defendant, but the court held directly otherwise.

The prevailing rule in this state for many years has been, a person who is in custody under a charge of murder is entitled to bail as a matter of right, unless the proof is evident, or the presumption great, that he is guilty of murder in the first degree; and the rule extends further to the effect that bail should be allowed unless the judge would sustain a capital conviction by a jury under the evidence adduced upon the trial.

In this case the court not only misplaced the burden of proof, but in my opinion rendered an erroneous conclusion not warranted by any phase of the evidence. To my mind the unfortunate homicide was the result of passion suddenly engendered by the opprobrious words and belligerent conduct of the deceased. There is a total lack of any evidence showing or tending to show any premeditation or deliberation upon the part of petitioner in the taking of the life of deceased. Without dispute, the evidence shows that the party assembled in the home of petitioner where the killing occurred was a friendly one, with no bad feelings or enmity on the part of any of the participants. It was a drinking party unfortunately, and the evidence disclosed that the whisky was brought to petitioner's home by the deceased, and that he (the deceased) became suddenly angered or incensed, and that it was his conduct that suddenly precipitated the conflict resulting in his death. By no construction of the undisputed testimony can it be said that the proof is evident and the presumption great and that the death penalty should be inflicted, and certainly no lawful jury would impose this extreme penalty under this evidence. Nor could there be found any trial judge who would sustain the death penalty in a case of this character. For these reasons I am of the opinion that petitioner's request for bail should have been allowed, thus my dissent as aforesaid.