20 So.2d 54

## GRISWOLD v. STATE.

### 6 Div. 198.

Court of Appeals of Alabama.

Dec. 12, 1944.

Francis Hare, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal presents the question as to whether or not the petitioner is entitled to bail.

The Bill of Rights, Constitution 1901, Section 16, reads: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." Section 17 of Const. 1901 provides: "That the privilege of the writ of habeas corpus shall not be suspended by the authorities of this State."

The pertaining rule of construction of the foregoing sections of the constitution has so often been determined and declared, we refrain from a repetition here except to say that our Supreme Court has held that the "proof is not evident and the presumption is not great" where from the evidence adduced a well-founded doubt exists as to murder in the first degree (Ex parte Bryant, 34 Ala. 270; Ex parte Hammock, 78 Ala. 414); or where, upon such evidence, the court would not sustain a verdict of conviction of murder in the highest degree (Ex parte Sloane, 95 Ala. 22, 11 So. 14, and citations under section 16 of the Constitution).

Our jurisdiction in this instance is appellate only, and our consideration is therefore confined to the evidence that was before the lower court on the trial of the writ of habeas corpus. We do not deem it wise to discuss this evidence. We need only say that on the evidence before us and under the authorities cited below we are of the opinion that the appellant is entitled to bail. De Arman v. State, 71 Ala. 351; Naugher v. State, 105 Ala. 26, 17 So. 24; Ex parte King, 86 Ala. 620, 5 So. 863; Hornsby v. State, 94 Ala. 55, 65, 10 So. 522, and authorities supra.

It follows that the order and judgment of the lower court denying the prisoner bail is reversed, and further that the prisoner (petitioner) may be admitted to bail in the sum of five thousand ($5,000)

dollars conditioned and approved as the law requires.

Reversed and remanded with instructions.