33 So.2d 384

## RODDAM v. STATE.
### 6 Div. 609.

Court of Appeals of Alabama.
Jan. 14, 1948.

Beddow & Jones, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

The petitioner is held under an indictment charging murder in the first degree.

In a habeas corpus proceeding the circuit court disallowed bail, and this appeal follows from this judgment.

"That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required" is a right given under our Constitution. Section 16.

The construction of this provision has had frequent and varied interpretation throughout the judicial history of our courts.

Our Supreme Court has held that the "proof is not evident and the presumption is not great" where from the evidence introduced a well-founded doubt· exists as to murder in the first degree. Ex parte Bryant, 34 Ala. 270; Ex parte Hammock, 78 Ala. 414. And, "as a safe rule by which the question of bail must be determined, that when a malicious homicide is charged, to refuse bail in all cases where a judge would sustain a capital conviction, if pronounced by a jury on such evidence of guilt as was exhibited to him on the hearing of the application to admit to bail, and, in instances where the evidence is of less efficacy, to admit to bail." Ex parte Sloane, 95 Ala. 22, 11 So. 14, 15. See also, Ex parte King, 86 Ala. 620, 5 So. 863; Franks v. State, 11 Ala.App. 70, 65 So. 857; Griswold v. State, 31 Ala.App. 583, 20 So.2d 54.

We have read this record en banc and considered it studiously in consultation, and we have reached the unanimous conclusion that the court below must be cast in error for not allowing the petitioner bail.

We have refrained from discussing the evidence, as is our practice in matters of this nature.

It follows that the judgment of the court below denying the petitioner bail is reversed and the prisoner is hereby ordered released upon his furnishing bail in a reasonable amount to be fixed by the lower court.

Reversed and remanded, with instructions.