50 So.2d 451

## WEBB v. STATE.

### 7 Div. 146.

Court of Appeals of Alabama.

Feb. 7, 1951.

Geo. Rogers, of Birmingham, for appellant.

Silas Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment entered by the Honorable W. W. Wallace, Judge of the Circuit Court of Shelby County, Alabama, denying William Franklin Webb bail in a habeas corpus proceeding.

The petitioner was indicted by the grand jury on a charge of murder in the first degree.

Since the defendant stands for trial on the charge, it would be improper and con-

trary to our usual custom to enter into a discussion or delineation of the evidence. We may state with propriety that the prosecution's position is that the accused deliberately and intentionally ran his automobile over the Sheriff of Shelby County and crushed his body in such manner that death ensued shortly thereafter.

A person under an indictment for murder in the first degree is presumed to be guilty in this degree of homicide, and to be entitled to bail as of right must overcome that presumption by sufficient proof. State ex rel. Smith v. Lowe, 204 Ala. 288, 85 So. 707.

In the case of Turner v. State, 32 Ala. App. 465, 27 So.2d 239, 240, the writer authored the opinion, and I had this to say:

"At common law all charged crimes were bailable, and this right is given under our Constitution and laws, 'except for capital offenses, when the proof is evident or the presumption great.' Section 16, Dec. of Rights, Constitution 1901; Ex parte McAnally, 53 Ala. 495, 25 Am.Rep. 646. * *

" 'A defendant cannot be admitted to bail when he is charged with an offense which may be punished by death, if the court or magistrate is of the opinion, on the evidence adduced, that he is guilty of the offense in the degree punishable capitally * * *.' Title 15, Section 195, Code 1940. See also, Title 15, Section 196, Code 1940.

"By a long line of authorities it has been held that a safe rule to follow is to deny bail if the court would sustain a capital conviction by a jury based on the same evidence as that taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious. Ex parte Nettles, 58 Ala. 268; Ex parte Brown, 65 Ala. 446; Ex parte Sloane, 95 Ala. 22, 11 So. 14; Earnest v. State, 21 Ala. App. 534, 109 So. 613."

This seems to sufficiently outline the rule by which the appellate courts must be guided in matters of instant concern.

It may be stated that the appellate courts must give due consideration and weight to the judgment of the primary tribunal. The refusal to allow bail should not be disturbed by a revisory court unless it is clear that the lower court erred in its judgment. This because the trial judge has the witnesses before him and is privileged to hear their oral examination. Ordinarily the hearing is had near the scene of the alleged offense. This is an advantage which we do not have. Ex parte Nettles, 58 Ala. 268; Butler v. State, 1 Ala.App. 265, 56 So. 20; Ex parte Sloane, 95 Ala. 22, 11 So. 14; Ex parte Weaver, 55 Ala. 250; Ex parte Allen, 55 Ala. 258; Ex parte Bonner, 100 Ala. 114, 14 So. 648; Parsons v. State, 33 Ala.App. 309, 33 So.2d 164; Roan v. State, 24 Ala.App. 517, 137 So. 320.

We have read and considered this record en banc, and it is our considered conclusion that the judgment below, denying the writ, should be affirmed. It is so ordered.

Affirmed.