v.

**W. L. GILBERT.**

7 Div. 388.

Supreme Court of Alabama.

July 24, 1958.

Ellis LEE

v.

**STATE of Alabama.**

6 Div. 332.

Supreme Court of Alabama.

Aug. 13, 1958.

Arthur D. Shores, Birmingham, for appellant.

Wales W. Wallace, Jr., Columbiana, for appellee.

Rogers, Howard & Redden, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. C. Dillon, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from an order of a judge of the Circuit Court of Jefferson County denying appellant bail in a habeas corpus proceeding on August 5, 1958.

The appellant avers in his petition that he is being held in custody "upon charges of dynamiting an inhabited dwelling." The penalty upon conviction of such a charge is "death or * * * imprisonment in the penitentiary for not less than ten years." Tit. 14, § 123, Code 1940.

The Bill of Rights, § 16 of the Constitution of Alabama of 1901, provides that "all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

Our cases hold that three prerequisites are necessary to support the denial of bail in capital cases. The evidence must be clear and strong, leading a well-guarded and dispassionate judgment to the conclusion (1) that the offense has been committed, (2) that the accused is the guilty agent, and (3) that he would probably be punished capitally if the law is administered. Holman v. Williams, 256 Ala. 157, 53 So.2d 751; Ex parte McAnally, 53 Ala. 495; Ex parte McCrary, 22 Ala. 65.

Our consideration is confined to the record before us containing the evidence that was before the lower court on the trial of the habeas corpus proceeding. For obvious reasons we deem it unwise to discuss the evidence. It is sufficient to say that we have carefully examined it and are clear to the conclusion that, upon that evidence and our authorities, the appellant is entitled to bail. Strickland v. State, 257 Ala. 585, 60 So.2d 354. From the record and argument of counsel in brief, it appears that the appellant is charged in two cases, and it is our opinion that the amount of bail should be set at $5,000 in each case.

The judgment of the lower court denying appellant bail is therefore reversed, and it is here ordered that appellant be released from custody upon his furnishing bail in the sum of $5,000 in each case to be approved by the judge of the Circuit Court of Jefferson County, or by the sheriff of said county in compliance with Title 15, § 194, Code 1940.

Reversed and remanded with instructions.

All the Justices concur.