221 So.2d 390

Raymond Wayne **TRAMMELL**

v.

**STATE of Alabama.**

**6 Div. 661.**

Supreme Court of Alabama.

March 17, 1969.

**32**

Robt. R. Bryan, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

BLOODWORTH, Justice.

Appellant appeals from an adverse ruling of the circuit court of Jefferson County, Alabama, denying him bail.

Appellant was indicted by the Grand Jury of Jefferson County for the offense of robbery, no bond was set, and he filed petition for writ of habeas corpus. After a hearing, the court below denied bail.

We have read the record and the State's brief, not having been favored with a brief from appellant. Our Alabama Constitution of 1901, Art. 1, § 16, provides:

> "Sec. 16. That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required."

We have long held that three prerequisites are necessary in order to support a denial of bail in such cases: The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered. Lee v. State, 267 Ala. 665, 104 So.2d 686.

After a careful consideration of the evidence in the record, and our authorities, we consider the appellant is entitled to bail, and that the amount should be set at $10,000.

Therefore, the judgment of the court below which denied appellant bail is reversed, and it is here ordered that appellant be released from custody upon his furnishing bail in the sum of $10,000 to be approved by the judge who tried the cause below, or

by the sheriff of Jefferson County in compliance with Title 15, § 194, Code of Alabama 1940, as last amended.

Reversed and remanded with instructions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.