879 So.2d 532 (2004)
Ex parte Ansuya J. PATEL.
(In re State of Alabama
v.
Ansuya J. Patel).
1020364.
Supreme Court of Alabama.
May 23, 2003.
Order Denying Rehearing October 3, 2003.
*533 William N. Clark, Laura S. Gibson, and Keith E. Brashier of Redden, Mills & Clark, Birmingham, for petitioner.
William H. Pryor, Jr., atty. gen., and Michael B. Billingsley and Elizabeth Ray Butler, asst. attys. gen., for respondent.
SEE, Justice.
Ansuya J. Patel petitions this Court for a writ of habeas corpus directing the trial court to enter an order releasing her from the Etowah County jail or, in the alternative, to set bail in a reasonable amount to be determined by this Court.
On May 10, 2002, the Etowah County Sheriff's Department arrested Patel on a capital-murder charge. She was placed in custody in the Etowah County jail, where she is currently being held without bail. On May 20, 2002, Patel's counsel filed motions in the Etowah County District Court seeking a preliminary hearing and a hearing to set bond. The district court, on July 3, 2002, held the preliminary hearing and the hearing on Patel's motion to set bond. The district court determined that there was probable cause to believe Patel had committed the charged offense, and bound the case over to the grand jury. Patel petitioned the Etowah Circuit Court for a writ of habeas corpus, seeking to be released or to have bond set. On September 10, 2002, the circuit court, after a hearing, denied Patel's petition. The circuit court stated in its order that there was sufficient evidence from which "to conclude that the offense charged has been committed, that the defendant is the guilty agent, and that she will probably be punished capitally if the law is administered." She filed another petition for the writ of habeas corpus with the Court of Criminal Appeals, seeking the same relief. On November 21, 2002, the Court of Criminal Appeals denied Patel's petition, without an opinion. Ex parte Patel (No. CR-02-0118, Nov. 21, 2002), 876 So.2d 550 (Ala.Crim.App.2002)(table).
Patel argues in her petition to this Court that the State did not offer sufficient evidence to justify confining her without bail. She also argues that the facts in her case do not meet the elements required to deny a defendant in a capital-murder case bail.
Article I, § 16, of the Alabama Constitution of 1901 provides: "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." That constitutional provision allows a court to deny bail for a defendant charged with an offense defined by statute as capital. Ex parte Landers, 690 So.2d 537, 538 (Ala. Crim.App.1997). This Court has established three prerequisites to the denial of bail in a capital case: "The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered." Trammell v. State, 284 Ala. 31, 32, 221 So.2d 390, 390 (1969). The State has the burden of proving that the crime was committed and showing "facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty." Roan v. State, 24 Ala. App. 517, 517, 137 So. 320, 321 (1931). A safe rule for a trial court to follow "is to deny bail if the court could sustain a capital *534 conviction by a jury based on the same evidence taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious." Webb v. State, 35 Ala.App. 575, 576, 50 So.2d 451, 452 (1951); Roddam v. State, 33 Ala.App. 356, 33 So.2d 384 (1948).
Alabama appellate courts have stated that "where bail has been refused by the primary magistrate on oral evidence, the appellate court will not interfere, unless such denial appears from the record to have been manifestly erroneous." Roan, 24 Ala.App. at 517, 137 So. at 321.[1] The Alabama Court of Criminal Appeals has recognized a presumption of guilt "`"[w]here one is imprisoned [for a capital offense] by virtue of an indictment."'" Landers, 690 So.2d at 538 (quoting Burks v. State, 600 So.2d 374, 381 (Ala.Crim.App. 1991), quoting in turn Livingston v. State, 40 Ala.App. 376, 377, 116 So.2d 396, 397 (1959)). To be entitled to bail as of right, a defendant must overcome this presumption by proof. Landers, 690 So.2d at 538. Patel has not yet been indicted; therefore, there is no presumption of her guilt. Burks, 600 So.2d at 381. After reviewing the evidence, we conclude that the State did not meet the three prerequisites set out in Trammell. Because the trial in this case has not yet taken place, it would be imprudent for this Court to further comment on the evidence at this time. See Roddam, 33 Ala.App. at 356, 33 So.2d at 385 (stating that it is an appellate court's practice to refuse discussing the evidence in "matters of this nature"); Roan, 24 Ala.App. at 517, 137 So. at 321 (recognizing that, because the case must still be tried, it would be improper to comment extensively on the evidence); Franks v. State, 11 Ala. App. 70, 65 So. 857 (1914)(declining to discuss the evidence for fear that such a discussion might prejudice the State's case at trial). The trial court erred in denying Patel bail, and we direct the trial court to set bail in a reasonable amount.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
I concur in denying Ansuya Patel's petition for the writ of habeas corpus insofar as it asks this Court to set the amount of her bail or to release her. However, I dissent from the majority opinion insofar as it orders the trial court to set bail for her. The trial court has already held a hearing and has reviewed the evidence; it reviewed the testimony of the witnesses and the documentary evidence, and it determined that Patel is not entitled to bail because the "proof [that she committed a capital offense] is evident or the presumption great." Article I, § 16, Ala. Const. 1901. The trial court found that the "defendant is a substantial flight risk." It is not for this Court to substitute its judgment for that of the trial court in such a matter unless the trial court's decision appears to be "manifestly erroneous." Roan v. State, 24 Ala.App. 517, 517, 137 So. 320, 321 (1931). Therefore, I respectfully dissent from the opinion insofar as it grants the petition for the writ of habeas corpus *535 and directs the trial court to set bail for Patel.

On Application for Rehearing
SEE, Justice.
APPLICATION OVERRULED.
LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
I concur in overruling the application for rehearing. I write to note that, after this Court decided Roan v. State, 24 Ala.App. 517, 137 So. 320 (1931), quoted in the original opinion, the definition of "capital offense" was revised to include an offense punishable by a sentence of life imprisonment without the possibility of parole. See Ala.Code 1975, § 13A-5-39. Given that fact, I would revise the portion of the opinion in which we quote from Roan in order to clarify that, under the circumstances presented here, the State has the burden of proving that the crime was committed and showing "facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty [or a sentence of life imprisonment without parole]." Roan, 24 Ala. App. at 517, 137 So. at 321.
NOTES
[1] In Webb, this Court stated that because the trial judge "has the witnesses before him and is privileged to hear their oral examination," the decision to refuse bail should not be disturbed unless it is clear that the lower court erred in its judgment. 35 Ala.App. at 576, 50 So.2d at 452.