On Application for Rehearing
 

 PARKER, Justice.
 

 This Court’s opinion of September 25, 2009, is withdrawn, and the following is substituted therefor.
 

 The issue before this Court is whether the Court of Criminal Appeals erred when it ordered the Montgomery Circuit Court to set aside an order setting bail for a defendant who was being held under indictment for a capital crime. The Court of Criminal Appeals issued a writ of mandamus directing the Montgomery Circuit Court to vacate its order setting bail for Albert Wilding, who is under indictment for the murder of his wife, and Wilding has petitioned this Court for a writ of mandamus directing the Court of Criminal Ap
 
 *76
 
 peals to vacate its writ. We deny the petition.
 

 Background and Procedural Posture
 

 In August 2008, Wilding was indicted for murdering his wife, Judie Wilding, for pecuniary gain, defined by § 18A-5-40(a)(7), Ala.Code 1975, as a capital offense. Judie disappeared on April 1, 2000. Her body has never been found, although her credit cards, driver’s license, and other personal effects were found under a mattress in the home she shared with Wilding. Her automobile was found a few days after her disappearance; inside the vehicle were a loaded pistol and about $2,000 cash. At the time of her disappearance, Wilding was the beneficiary of an insurance policy on Judie’s life in excess of $800,000.
 

 At Wilding’s initial appearance, Judge Eugene Reese denied bail, but in September 2008 Wilding filed a motion to set bail under Rule 7, Ala. R.Crim. P. Judge Charles Price held a hearing on September 26, 2008, at which evidence was presented ore tenus, and, on October 7, 2008, he set bail at $100,000. The State then petitioned the Court of Criminal Appeals for a writ of mandamus, requesting that Judge Price be directed to set aside his order setting bail because, it argued, Judge Price had applied the incorrect legal standard when ruling on the validity of Wilding’s bail request. On December 10, 2008, the Court of Criminal Appeals issued an order granting the State’s petition, and it directed Judge Price to set aside his October 7, 2008, order.
 
 State v. Wilding
 
 (No. CR-08-0024, December 10, 2008), 33 So.3d 659 (Ala.Crim.App.2008)(table). The Court of Criminal Appeals’ order stated, in part, that “ ‘ “[w]here one is imprisoned by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as a right, must overcome this presumption by proof.” ’
 
 Ex parte Landers,
 
 690 So.2d 537, 538 (Ala.Crim. App.1997), quoting
 
 Livingston v. State,
 
 40 Ala.App. 376, 377, 116 So.2d 396, 397 (1959). See
 
 Ex parte Patel,
 
 879 So.2d 532 (Ala.2003).”
 

 On December 16, 2008, Wilding filed a petition for a writ of mandamus in this Court requesting that this Court direct the Court of Criminal Appeals to vacate its order granting the State’s mandamus petition. Wilding argued that he is entitled to bail unless the three prerequisites for the denial of bail in a capital case, set forth by this Court in
 
 Ex parte Patel,
 
 879 So.2d 532, 533-34 (Ala.2003), are met:
 

 “ ‘The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered.’
 
 Trammell v. State,
 
 284 Ala. 31, 32, 221 So.2d 390, 390 (1969).
 
 The State has the burden of proving that the crime was committed and showing facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty.’ Roan v. State,
 
 24 AlaApp. 517, 517, 137 So. 320, 321 (1931). A safe rule for a trial court to follow ‘is to deny bail if the court could sustain a capital conviction by a jury based on the same evidence taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious.’
 
 Webb v. State,
 
 35 Ala.App. 575, 576, 50 So.2d 451, 452 (1951);
 
 Roddam v. State,
 
 33 Ala.App. 356, 33 So.2d 384 (1948).”
 

 (Emphasis added.) Thus, Wilding argued that, in order for him to be denied bail, the State must convince the judge at his bail hearing that Wilding committed the crime, that he would be convicted of the crime,
 
 *77
 
 and that he would probably be sentenced to death.
 

 The State argued that the trial court exceeded its discretion in setting bail in this case because, it says, the trial court appears to have shifted the evidentiary burden by requiring the State to present evidence to support its opposition to setting bail for Wilding. The State referred the trial court to this Court’s decision in
 
 Ex parte Hall,
 
 844 So.2d 571 (Ala.2002), to support its position that the burden at the bail hearing was on Wilding, a capital defendant, to offer proof to overcome the presumption of guilt created by the indictment. In
 
 Ex parte Hall
 
 this Court stated:
 

 “ ‘In
 
 Burks v. State,
 
 600 So.2d 374 (Ala.Cr.App.), on return to remand, 600 So.2d 387 (Ala.Cr.App.1991), this court addressed the issue whether a person accused of a capital offense is entitled to bail when he alleges that the proof was not evident. This court in
 
 Burks
 
 stated:
 

 ‘““The appellant argues that he was entitled to reasonable bond because the proof was not evident nor the presumption great that he was guilty of the capital offense. See
 
 Ex parte Bynum,
 
 294 Ala. 78, 82, 312 So.2d 52, 55 (1975).
 
 However,
 

 ‘ “[w]here one is imprisoned [for a capital offense] by virtue of an indictment he is presumed to be guilty in the highest degree, and to be entitled to bail as of right, must overcome this presumption by proof.”
 
 ’
 
 Livingston v. State,
 
 40 Ala.App. 376, 377, 116 So.2d 396, 397 (1959).”
 

 “ ‘600 So.2d at 381.’ ”
 

 844 So.2d at 573 (quoting
 
 Ex parte Landers,
 
 690 So.2d at 538) (emphasis added). Thus, the State argued, unlike the defendant in
 
 Patel,
 
 Wilding is being held under an indictment. Because he is being held under an indictment, he is presumed guilty in the highest degree and he has the burden to overcome the presumption of guilt if he is to have bail set in his case.
 

 The trial court stated in its order that the testimony of Wilding’s witnesses is “uncontroverted by the state, and the state further elected not to offer any testimony on the quality or strength of its case.”
 

 Standard of Review
 

 This Court recently restated the standard by which it reviews a petition for a writ of mandamus:
 

 “ ‘ “Mandamus is an extraordinary remedy ... requiring a showing that there is: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
 
 Ex parte Jackson,
 
 737 So.2d 452, 453 (Ala.1999) (quoting
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala. 1991)). Because mandamus is an extraordinary remedy, the standard of review on a petition for a writ of mandamus is whether there is a clear showing of error on the part of the trial court.
 
 Ex parte Finance America Corp.,
 
 507 So.2d 458, 460 (Ala.1987).”
 
 Ex parte Atlantis Dev. Co.,
 
 897 So.2d 1022, 1024 (Ala.2004).’ ”
 

 Ex parte Sellers,
 
 31 So.3d 665, 667 (Ala. 2009) (quoting
 
 Ex parte Atlantis Dev. Co.,
 
 897 So.2d 1022, 1024 (Ala.2004)).
 

 Also, “[ujnder the ore tenus standard of review, we must assume the trial court’s factual finding ... was correct, and thus we must uphold the order based on that finding unless the court had before it no credible evidence to support that finding.”
 
 W.D. Williams, Inc. v. Ivey,
 
 777 So.2d 94, 98 (Ala.2000).
 

 Analysis
 

 The question before this Court is whether there is a clear showing of error on the
 
 *78
 
 part of the trial court that would justify the issuance of the writ by the Court of Criminal Appeals directing the trial court to vacate its order.
 

 At the bail hearing, the trial court received and considered testimony from Wilding. The State presented no testimony, and the trial court attempted to clarify the State’s position, asking: “The burden is on the Defendant to prove the State doesn’t have a case against them?” The State responded, “Yes, Judge. He has to overcome the burden of proof when he’s charged by an indictment.” Wilding responded, stating that “the law [is that], even in
 
 [Ex parte
 
 ]
 
 Patel[,
 
 879 So.2d 532 (Ala.2003)], the State has the burden of proving that the crime was committed, showing facts that would convince a Judge that, upon trial, it’s likely he would be found guilty and likely would get the death penalty.”
 

 In the trial court, the State relied on the portion of
 
 Ex paHe Hall
 
 quoted above, holding that where one is imprisoned for a capital offense by virtue of an indictment he is presumed to be guilty in the highest degree and, to be entitled to bail as of right, must overcome this presumption by proof. The State argued that Wilding’s indictment places the burden on Wilding to overcome that presumption if bail is to be set in his case.
 

 The order of the trial court, however, did not address Wilding’s burden of overcoming the presumption of guilt. It states, in pertinent part:
 

 “The Court heard testimony from the registered nurse who works for Quality Correctional Healthcare, and serves as health service administrator at the Montgomery County jail. The essence of her testimony is that the defendant suffers from serious health problems, including, in her opinion, the beginning stages of dementia. The court also heard testimony from three male friends and his former attorney, who vouch for his steadfastness and commitment to the community of Montgomery County.
 

 “The stated testimony was uncontro-verted by the state, and the state further elected not to offer any testimony on the quality or strength of its case.”
 

 Thus, Wilding’s proof was not directed to “overcoming the presumption” of guilt that is inherent in the indictment against him. Because there was no proof addressing the presumption, the Court of Criminal Appeals did not err when it relied on precedent that requires such proof to find a clear showing of error on the part of the trial court.
 

 Conclusion
 

 Because the Court of Criminal Appeals had a sufficient legal basis to issue the writ of mandamus ordering the trial court to set aside its order setting bail for Wilding, we deny Wilding’s petition for a writ of mandamus.
 

 APPLICATION GRANTED; OPINION OF SEPTEMBER 25, 2009, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, and MURDOCK, JJ., concur.
 

 SHAW, J., recuses himself.
 
 *