Rel: 08/29/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130611

_____

**Ex parte State of Alabama**

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Ex parte Joel Patrick Moyers

(In re:  State of Alabama

v.

Joel Patrick Moyers))

(Limestone Circuit Court, CV-13-900357;
Court of Criminal Appeals, CR-13-0093)

MAIN, Justice.

This Court granted the State's petition for a writ of certiorari to review the Court of Criminal Appeals'

1130611

unpublished order directing the Limestone Circuit Court to set bail for Joel Patrick Moyers. Ex parte Moyers (No. CR-13-0093, Dec. 20, 2013), ___ So. 3d ___ (Ala. Crim. App. 2013) (table). The issue before that court, and before us, is whether a defendant who is charged with a capital offense is entitled to bail if the State does not intend to seek the death penalty. First, the State argues that the Court of Criminal Appeals' decision in this case conflicts with Ex parte Bynum, 294 Ala. 78, 312 So. 2d 52 (1975), in which this Court held that bail can be constitutionally denied in a capital-offense case even if the death penalty will not be imposed. Alternatively, the State argues that the Court of Criminal Appeals' decision raises a material question of first impression that requires decision by this Court. For the reasons discussed below, we reverse and remand.

## I. Facts and Procedural History

In September 2012, Moyers was arrested and charged with reckless murder and shooting into an occupied vehicle. Bail was set at $260,000. In December 2012, Moyers was indicted for capital murder, reckless murder, and two counts of shooting into an occupied vehicle. In January 2013, the State

2

filed a notice of its intent not to seek the death penalty. In February 2013, Moyers applied for bail, but after a hearing the trial court denied bail.

In June 2013, after the trial court dismissed the capital-murder charge in the indictment because it did not contain specific-intent language, a new indictment was returned against Moyers charging capital murder, reckless murder, and two counts of shooting into an occupied vehicle. Moyers again applied for bail, but after a hearing the trial court denied it. In August 2013, Moyers filed a petition for a writ of habeas corpus in the trial court, requesting that the trial court set bail. On September 24, 2013, the trial court denied Moyers's petition.

Moyers then filed a petition for a writ of habeas corpus with the Court of Criminal Appeals, requesting that it direct the trial court to hold an evidentiary hearing on his habeas corpus petition or, in the alternative, to set bail. The Court of Criminal Appeals granted Moyers's petition for a writ of habeas corpus and, by an unpublished order, directed the trial court to set bail. The State petitioned this Court for a writ of certiorari on the grounds that whether bail should

1130611

be available to a defendant charged with a capital offense if that defendant is not facing the death penalty is a question of first impression and that the Court of Criminal Appeals' decision conflicts with prior decisions of this Court and the Court of Criminal Appeals. We granted the State's petition.

## II. Standard of Review

"'"This Court reviews pure questions of law in criminal cases de novo."'" Ex parte Shabazz, 989 So. 2d 524, 525 (Ala. 2008)(quoting Ex parte Morrow, 915 So. 2d 539, 541 (Ala. 2004), quoting in turn Ex parte Key, 890 So. 2d 1056, 1059 (Ala. 2003)).

Further, "'[u]nder the ore tenus standard of review, we must assume the trial court's factual finding ... was correct, and thus we must uphold the order based on that finding unless the court had before it no credible evidence to support that finding.' W.D. Williams, Inc. v. Ivey, 777 So. 2d 94, 98 (Ala. 2000)." Ex parte Wilding, 41 So. 3d 75, 77 (Ala. 2009).

## III. Analysis

In granting Moyers's petition for a writ for a habeas corpus and directing the trial court to set bail, the Court of Criminal Appeals relied on Ex parte Patel, 879 So. 2d 532

4

1130611

(Ala. 2003), and said that in Ex parte Patel this Court "appears to have departed from its earlier interpretation in [Ex parte] Bynum." In Ex parte Bynum, this Court retained the classification of capital offenses even though Furman v. Georgia, 408 U.S. 238 (1972), had declared the death penalty, as it was then implemented, unconstitutional. In Ex parte Bynum, this Court followed the view of the majority of states that offenses that were classified as capital offenses before Furman were still capital offenses and that bail can constitutionally be denied in those cases. 294 Ala. at 81, 312 So. 2d at 55. We explained:

> "The rationale of these decisions indicates that the gravity of the offense is the distinguishing feature and not the penalty which may be imposed. Following this interpretation, certain crimes for purposes of bail are still classified as capital regardless of whether the death penalty may be invoked."

294 Ala. at 81, 312 So. 2d at 54. In Ex parte Patel, this Court said:

> "Article I, § 16, of the Alabama Constitution of 1901 provides: 'That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.' That constitutional provision allows a court to deny bail for a defendant charged with an offense defined by statute as capital. Ex parte Landers, 690 So. 2d

5

1130611

537, 538 (Ala. Crim. App. 1997). This court has established three prerequisites to the denial of bail in a capital case: 'The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered.' Trammell v. State, 284 Ala. 31, 32, 221 So. 2d 390, 390 (1969). The State has the burden of proving that the crime was committed and showing 'facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty.' Roan v. State, 24 Ala. App. 517, 517, 137 So. 320, 321 (1931). A safe rule for a trial court to follow 'is to deny bail if the court could sustain a capital conviction by a jury based on the same evidence taken at the hearing seeking bail; and to allow bail if the evidence is not so efficacious.' Webb v. State, 35 Ala. App. 575, 576, 50 So. 2d 451, 452 (1951); Roddam v. State, 33 Ala. App. 356, 33 So. 2d 384 (1948)."

879 So. 2d at 533-34. Relying on Ex parte Patel, the Court of Criminal Appeals concluded that, because Moyers will not face the death penalty, the State failed to establish the prerequisites for denying bail in this case and directed the trial court to set bail.

Based on Ex parte Bynum, the State contends that to be punished capitally does not mean only that the death penalty be imposed and argues that the question in this case is whether the offense is classified as a capital offense by

6

statute, not whether Moyers will be sentenced to death. The State maintains that, if a defendant is charged with an offense made capital under § 13A-5-40, Ala. Code 1975, and that defendant is convicted of that offense, there are two possible punishments, both of which are "capital"--a sentence of death or a sentence of life imprisonment without the possibility of parole. We thus consider whether a defendant who is charged with a capital offense is entitled to bail if the State does not intend to seek the death penalty for the offense.

Alabama has a constitutional qualification on the presumptive right to bail for capital offenses. See Ala. Const. 1901, Art. I, § 16 (excepting from bailable offenses capital crimes when the proof is evident or the presumption great); and Ex parte Bynum. Ex parte Bynum explained that it is the gravity of the offense, not the sentence that could be imposed, that is to be considered in determining whether the defendant has a right to bail. Thus, "certain crimes for purposes of bail are still classified as capital regardless of whether the death penalty may be invoked." 294 Ala. at 81, 312 So. 2d at 54. The legislature has classified certain

7

1130611

murders as capital in § 13A-5-40.  A capital offense is defined in § 13A-5-39(1), Ala. Code. 1975, as "[a]n offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole according to the provisions of this article."  Ex parte Patel further explained the proof required for determining whether bail is warranted as follows:

> "Alabama appellate courts have stated that 'where bail has been refused by the primary magistrate on oral evidence, the appellate court will not interfere, unless such denial appears from the record to have been manifestly erroneous.' Roan [v. State], 24 Ala. App. [517,] 517, 137 So. [320,] 321 [(1931)].  The Alabama Court of Criminal Appeals has recognized a presumption of guilt '"'[w]here one is imprisoned [for a capital offense] by virtue of an indictment.'"' [Ex parte] Landers, 690 So. 2d [537,] 538 [(Ala. Crim. App. 1987)] (quoting Burks v. State, 600 So. 2d 374, 381 (Ala. Crim. App. 1991), quoting in turn Livingston v. State, 40 Ala. App. 376, 377, 116 So. 2d 396, 397 (1959)).  To be entitled to bail as of right, a defendant must overcome this presumption by proof.  Landers, 690 So. 2d at 538."

879 So. 2d at 534 (footnote omitted).  Patel had not been indicted when the trial court held a hearing on her request for bail.  Therefore, this Court found that no presumption of her guilt existed and, after reviewing the evidence presented to the trial court, held that the State had presented

8

insufficient evidence upon which the trial court could have based a decision to deny bail. Id. Here, Moyers was indicted, and the trial court, after a hearing at which the court heard and considered evidence presented ore tenus, denied Moyers bail. Ex parte Patel, therefore, is factually distinguishable from this case.

Based on the plain meaning of the statutory and constitutional provisions and the development of the caselaw in this area, we hold that a "capital offense" within the meaning of constitutional and statutory provisions relating to bail is an offense that is punishable by death or by life imprisonment without the possibility of parole. Therefore, when a defendant who is charged with a capital offense requests a trial court to set bail, under Ex parte Bynum the court can deny that request for bail even if the State will not seek the death penalty. In order for the trial court to deny a request for bail from a defendant charged with a capital offense, however, the State must prove the three prerequisites noted in Ex parte Patel: "'The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense

9

has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered.'" Ex parte Patel, 879 So. 2d at 533 (quoting Trammell v. State, 284 Ala. 31, 32, 221 So. 2d 390, 390 (1969)). Moreover, Ex parte Patel holds that if a defendant has been indicted for a capital offense, that defendant is presumed guilty for purposes of setting bail, and the defendant has the burden to overcome that presumption before he or she is entitled to bail as a matter of right. Id. In sum, our decision in this case synthesizes the constitutional and statutory provisions with the caselaw.

## IV. Conclusion

For the foregoing reasons, we reverse the judgment of the Court of Criminal Appeals and remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stuart, Bolin, Parker, Murdock, Wise, and Bryan, JJ., concur.

Moore, C.J., and Shaw, J., concur specially.

1130611

MOORE, Chief Justice (concurring specially).

All accused are entitled to preconviction bail "except for capital offenses, when the proof is evident or the presumption great." Art. I, § 16, Ala. Const. 1901. Because "the gravity of the offense is the distinguishing feature and not the penalty which may be imposed," this Court has held that bail may be constitutionally denied in a capital case even though the death penalty is not available. Ex parte Bynum, 294 Ala. 78, 81, 312 So. 2d 52, 54 (1975). Thus, under Ex parte Bynum, the trial court may deny Joel Patrick Moyers bail if the constitutional conditions are satisfied.

However, in Ex parte Patel, 879 So. 2d 532 (Ala. 2003) (quoting Roan v. State, 24 Ala. App. 517, 517, 137 So. 320, 321 (1931)), this Court said that bail could be denied in a capital case if the trial judge was convinced that on a finding of guilt the death penalty would be imposed. Id. at 533-34. The Court of Criminal Appeals read Ex parte Patel as saying that where the death penalty was waived the constitutional entitlement to bail was automatically revived. Thus, it ordered the trial court to set bail for Moyers.

11

However, as Justice Houston explained in his concurrence in Ex parte Patel, and as Justice Shaw points out in his special concurrence here, Roan was decided before life imprisonment without the possibility of parole was an alternative punishment in a capital case. See § 13A-5-39(1), Ala. Code 1975 (stating that a capital offense is one punishable "by a sentence of death or life imprisonment without parole"). By relying on Ex parte Patel without taking cognizance of Justice Houston's observation about its potentially misleading quotation from Roan, the Court of Criminal Appeals misinterpreted Art. I, § 16.

Article I, § 16, grants a trial court the discretion, upon a proper finding, to deny bail for any capital offense, not merely one in which the death penalty might be imposed.

1130611

SHAW, Justice (concurring specially).

As the main opinion notes, Art. I, § 16, of the Alabama Constitution of 1901, provides that, under the specified circumstances, bail may be denied in capital cases. Prior caselaw has held that "certain crimes for purposes of bail are still classified as capital regardless of whether the death penalty may be invoked." Ex parte Bynum, 294 Ala. 78, 81, 312 So.2d 52, 54 (1975). Thus, under certain circumstances, one charged with a capital crime may be denied bail, even if the death penalty is not an option as punishment.

In Ex parte Patel, 879 So. 2d 532, 533 (Ala. 2003), this Court discussed the factors to consider in determining whether bail is appropriate in a capital case:

> "This Court has established three prerequisites to the denial of bail in a capital case: 'The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered.' Trammell v. State, 284 Ala. 31, 32, 221 So. 2d 390, 390 (1969)."

The Court then noted:

> "The State has the burden of proving that the crime was committed and showing 'facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty

13

1130611

and <u>imposing the death penalty</u>.' <u>Roan v. State</u>, 24
Ala. App. 517, 517, 137 So. 320, 321 (1931)."

879 So. 2d at 533 (emphasis added).

In the instant case, the Court of Criminal Appeals believed that <u>Ex parte Patel</u>, in quoting the sentence above from <u>Roan v. State</u>, 24 Ala. App. 517, 137 So. 320 (1931), "appear[ed] to have departed from [this Court's] earlier interpretation in <u>Bynum</u>," and, thus, that in order to properly deny bail the trial court must be convinced that the death penalty would be imposed, which was not an option in Joel Patrick Moyers's case.

The main opinion holds that <u>Ex parte Patel</u> is factually distinguishable from this case; I agree, but I do not believe that that is the only reason <u>Ex parte Patel</u> does not require the result reached by the Court of Criminal Appeals. Specifically, the issue in <u>Ex parte Patel</u> involved whether the evidence was sufficient to justify the denial of bail. The quotation of <u>Roan</u> in <u>Ex parte Patel</u> should be viewed only as discussing the <u>quantum of evidence</u> to be produced to the trial court and not a <u>definition</u> of crimes constituting capital offenses for purposes of determining whether a defendant has a right to bail. <u>Roan</u>'s discussion, as quoted in <u>Ex parte</u>

Patel, is pertinent as to how much evidence is to be produced, not what constitutes a capital offense. In fact, the definition of what constituted a capital offense changed after Roan. As Justice Houston stated in his special writing on application for rehearing in Ex parte Patel: "[A]fter [the Court of Appeals] decided Roan v. State, 24 Ala. App. 517, 137 So. 320 (1931), quoted in the original opinion, the definition of 'capital offense' was revised to include an offense punishable by a sentence of life imprisonment without the possibility of parole. See Ala. Code 1975, § 13A-5-39." Ex parte Patel, 879 So. 2d at 535 (Houston, J., concurring specially).[1] The issue in Ex parte Patel was whether the

---

[1]Justice Houston called for the Court to clarify the decision in Ex parte Patel:

"I would revise the portion of the opinion in which we quote from Roan in order to clarify that, under the circumstances presented here, the State has the burden of proving that the crime was committed and showing 'facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty [or a sentence of life imprisonment without parole].' Roan, 24 Ala. App. at 517, 137 So. at 321."

Ex parte Patel, 879 So. 2d at 535 (Houston, J., concurring specially). For whatever reason, the Court apparently declined to do so.

1130611

trial court had sufficient evidence on which to deny bail, and its citation of Roan was to show what must be demonstrated to the trial court to constitute sufficient evidence; there was no dispute whether the charged crime was a capital offense. For that reason, Ex parte Patel did not mandate the decision by the Court of Criminal Appeals in this case.