SHAW, Justice
(concurring specially).
As the main opinion notes, Art. I, § 16, of the Alabama Constitution of 1901, provides that, under the specified circumstances, bail may be denied in capital cases. Prior caselaw has held that “certain crimes for purposes of bail are still classified as capital regardless of whether the death penalty may be invoked.” Ex parte Bynum, 294 Ala. 78, 81, 312 So.2d 52, 54 (1975). Thus, under certain circumstances, one charged with a capital crime *1152 may be denied bail, even if the death penalty is not an option as punishment.
In Ex parte Patel, 879 So.2d 532, 533 (Ala.2003), this Court discussed the factors to consider in determining whether bail is appropriate in a capital case:
“This Court has established three prerequisites to the denial of bail in a capital case: ‘The evidence must be clear and strong, that it would lead a well-guarded and dispassionate judgment to the conclusion that (1) the offense has been committed; (2) the accused is the guilty agent; and (3) he would probably be punished capitally if the law is administered.’ Trammell v. State, 284 Ala. 31, 32, 221 So.2d 390, 390 (1969).”
The Court then noted:
“The State has the burden of proving that the crime was committed and showing ‘facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty.’ Roan v. State, 24 Ala.App. 517, 517, 137 So. 320, 321 (1931).”
879 So.2d at 533 (emphasis added).
In the instant case, the Court of Criminal Appeals believed that Ex parte Patel, in quoting the sentence above from Roan v. State, 24 Ala.App. 517, 137 So. 320 (1931), “appear[ed] to have departed from [this Court’s] earlier interpretation in By-num,” and, thus, that in order to properly deny bail the trial court must be convinced that the death penalty would be imposed, which was not an option in Joel Patrick Moyers’s case.
The main opinion holds that Ex parte Patel is factually distinguishable from this case; I agree, but I do not believe that that is the only reason Ex parte Patel does not require the result reached by the Court of Criminal Appeals. Specifically, the issue in Ex parte Patel involved whether the evidence was sufficient to justify the denial of bail. The quotation of Roan in Ex parte Patel should be viewed only as discussing the quantum of evidence to be produced to the trial court and not a definition of crimes constituting capital offenses for purposes of determining whether a defendant has a right to bail. Roan ⅛ discussion, as quoted in Ex parte Patel, is pertinent as to how much evidence is to be produced, not what constitutes a capital offense. In fact, the definition of what constituted a capital offense changed after Roan. As Justice Houston stated in his special writing on application for rehearing in Ex parte Patel: “[A]fter [the Court of Appeals] decided Roan v. State, 24 Ala. App. 517, 137 So. 320 (1931), quoted in the original opinion, the definition of ‘capital offense’ was revised to include an offense punishable by a sentence of life imprisonment without the possibility of parole. See Ala.Code 1975, § 13A-5-39.” Ex parte Patel, 879 So.2d at 535 (Houston, J., concurring specially).[1] The issue in Ex parte Patel was whether the trial court had sufficient evidence on which to deny bail, and its citation of Roan was to show what must be demonstrated to the trial court to constitute sufficient evidence; there was no dispute whether the charged crime was a capital offense. For that rea *1153 son, Ex parte Patel did not mandate the decision by the Court of Criminal Appeals in this case.

. Justice Houston called for the Court to clarify the decision in Ex parte Patel:
"I would revise the portion of the opinion in which we quote from Roan in order to clarify that, under the circumstances presented here, the State has the burden of proving that the crime was committed and showing ‘facts that would convince the judge that upon final trial the judge would sustain a verdict pronouncing the defendant guilty and imposing the death penalty [or a sentence of life imprisonment without parole].’ Roan, 24 Ala.App. at 517, 137 So. at 321.”
Ex parte Patel, 879 So.2d at 535 (Houston, J., concurring specially). For whatever reason, the Court apparently declined to do so.