MOORE, Chief Justice
(concurring specially).
All accused are entitled to preconviction bail “except for capital offenses, when the proof is evident or the presumption great.” Art. I, § 16, Ala. Const.1901. Because “the gravity of the offense is the distinguishing feature and not the penalty which may be imposed,” this Court has held that bail may be constitutionally denied in a capital case even though the death penalty is not available. Ex parte Bynum, 294 Ala. 78, 81, 312 So.2d 52, 54 (1975). Thus, under Ex parte Bynum, the trial court may deny Joel Patrick Moyers bail if the constitutional conditions are satisfied.
However, in Ex parte Patel, 879 So.2d 532 (Ala.2003) (quoting Roan v. State, 24 Ala.App. 517, 517, 137 So. 320, 321 (1931)), this Court said that bail could be denied in a capital case if the trial judge was eon-vinced that on a finding of guilt the death penalty would be imposed. Id. at 533-34. The Court of Criminal Appeals read Ex parte Patel as saying that where the death penalty was waived the constitutional entitlement to bail was automatically revived. Thus, it ordered the trial court to set bail for Moyers.
However, as Justice Houston explained in his concurrence in Ex parte Patel, and as Justice Shaw points out in his special concurrence here, Roan was decided before life imprisonment without the possibility of parole was an alternative punishment in a capital case. See § 13A-5-39(1), Ala.Code 1975 (stating that a capital offense is one punishable “by a sentence of death or life imprisonment without parole”). By relying on Ex parte Patel without taking cognizance of Justice Houston’s observation about its potentially misleading quotation from Roan, the Court of Criminal Appeals misinterpreted Art. I, § 16.
Article I, § 16, grants a trial court the discretion, upon a proper finding, to deny bail for any capital offense, not merely one in which the death penalty might be imposed.